# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Pittman,                          :
            Petitioner              :
                                   :   No.  978 C.D. 2014
            v.                      :
                                   :   Argued:  October 7, 2015
Pennsylvania Board of Probation         :
and Parole,                             :
            Respondent              :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
               HONORABLE BERNARD L. McGINLEY, Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE MARY HANNAH LEAVITT, Judge[2]
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge

OPINION BY
JUDGE McCULLOUGH                    FILED:  January 8, 2016

           Kevin Pittman (Pittman) petitions for review of the May 29, 2014 order of the Pennsylvania Board of Probation and Parole (Board), affirming its November 21, 2013 decision to recommit Pittman as a convicted parole violator (CPV) for the remaining term of his unexpired sentence without awarding him credit for the time he

---

[1] This case was assigned to the opinion writer before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

spent at liberty on parole.[3] After considering the parties' briefs, the record, and the applicable law, we affirm.

On March 10, 2010, Pittman was sentenced to two to four years' imprisonment following his guilty plea to possession of a controlled substance with the intent to deliver (PWID).[4] Pittman's minimum sentence date was December 9, 2011, and his maximum sentence date was December 9, 2013. (Certified Record (C.R.) at 1-3.)

On October 19, 2011, the Board granted Pittman parole and he was released on December 12, 2011. Prior to his release, Pittman signed conditions governing his parole advising that, "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (C.R. at 11.)

On April 13, 2013, the police arrested Pittman and charged him with criminal offenses. The Board lodged a warrant on that same day. On August 1, 2013, Pittman entered a guilty plea to PWID, and, on October 23, 2013, the trial court sentenced him to a term of one to three years' imprisonment. (C.R. at 8-10, 14, 25-28.) Thereafter, Pittman signed a waiver form prepared by the Board, waiving his right to a parole revocation hearing and his right to counsel and admitting that he

---

[3] By *per curiam* order dated June 23, 2014, this Court appointed counsel to represent Pittman in this appeal.

[4] *See* Section 13(a)(30) of The Controlled Substance, Drug, Device, and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-113(a)(30).

2

violated his parole by committing PWID. ("Waiver of Revocation Hearing and Counsel/Admission Form," C.R. at 42.)

In a hearing report dated September 18, 2013, the Board accepted Pittman's waivers and admission to being a CPV. On page 3 of the hearing report appeared the line: "**BOARD ONLY** – Credit time spent at liberty on parole: [ ] No [ ] Yes (excluded offenses on pg. 8)." In turn, page 8 of the hearing report lists offenses that are automatically excluded from street time credit pursuant to section 9714(g) of the Judicial Code, 42 Pa.C.S. §9714(g), and PWID is not enumerated as one of those offenses. The Board checked "No" and denied Pittman credit. (C.R. at 36, 42.)

By decision recorded on November 21, 2013, the Board recommitted Pittman as a CPV and recalculated his maximum sentence date from December 9, 2013, to October 21, 2015, which constituted the entire balance remaining on his original sentence. (C.R. at 46.)

On December 4, 2013, Pittman submitted a request for administrative relief, arguing, among other things, that he was entitled to credit for time that he had spent on parole in good standing. On May 29, 2014, the Board denied Pittman's request for administrative relief. In doing so, the Board cited section 6138(a)(2) of the Prison and Parole Code (Parole Code), 61 Pa.C.S. §6138(a)(2), and determined that as a CPV, Pittman was not entitled to credit for time he spent at liberty on parole. (C.R. at 47-50, 96.)

Pittman now appeals to this Court.[5]

---

[5] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa.C.S. §704; *Adams v. Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

## Discussion

In this case, we decide, as a prefatory matter, whether this Court has statutory jurisdiction to review Pittman's appeal. We also decide whether the Board, in denying Pittman credit, exercised discretion as that concept is contemplated by the Parole Code. Finally, we decide whether the Board was legally obligated to provide written reasons for denying Pittman credit.

## Statutory Jurisdiction

Initially, we address whether Pittman can appeal the Board's November 21, 2013 order denying him credit for time spent at liberty on parole. We raise this issue, *sua sponte*, as it affects our statutory jurisdiction and authority to conduct appellate review. *Pennhurst Medical Group, P.C. v. Department of Public Welfare*, 796 A.2d 423, 425 n.2 (Pa. Cmwlth. 2002).

The courts of this Commonwealth have generally held that an order which "involves parole" does not constitute an appealable adjudication for purposes of the Administrative Agency Law, 2 Pa.C.S. §§101-754. For example, in *Rogers v. Board of Probation and Parole*, 724 A.2d 319, 322 (Pa. 1999), our Supreme Court concluded that this Court lacked statutory jurisdiction to review the Board's order to deny a prisoner parole because the definition of "adjudication" excludes a decision "which involves . . . paroles…." (citation omitted). Similarly, in *Wheeler v. Board of Probation and Parole*, 862 A.2d 127, 130 (Pa. Cmwlth. 2004), this Court held that the Board's order imposing, and declining to revoke, a condition of parole – *i.e.*, that the parolee was not to have any contact with his wife while on parole – was not an adjudication from which an appeal could be taken.

4

Although the Board's decision in this case may be tangentially related to parole, unlike the Board's decisions in *Rogers* and *Wheeler*, it does not directly involve the grant, denial, or conditions of parole; in other words, the substantive facets governing and surrounding the decision to parole. Instead, the Board's decision in this case, first and foremost, recalculates Pittman's maximum sentence date pursuant to statute. Specifically, the Board extended Pittman's maximum sentence date by declining to provide Pittman with credit for time spent on parole under sections 6138(a)(2) and (2.1) of the Parole Code.

In varying circumstances, the courts of this Commonwealth have held that when a prisoner challenges the Board's computation or calculation of his maximum sentence date, that prisoner's appeal rights include an administrative appeal to the Board and also a statutory appeal to this Court in our appellate jurisdiction under section 763 of the Judicial Code, 42 Pa.C.S. §763 (Direct appeals from government agencies).[6] *See McMahon v. Board of Probation and Parole*, 470

---

[6] This section provides in pertinent part:

> (a) General rule. –
>
> Except as provided in subsection (c), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies in the following cases:
>
> (1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 (relating to judicial review of Commonwealth agency action) or otherwise and including appeals from the Board of Claims, the Environmental Hearing Board, the Pennsylvania Public Utility Commission, the Unemployment Compensation Board of Review and from any other Commonwealth agency having Statewide jurisdiction.

**(Footnote continued on next page…)**

A.2d 1337, 1337-38 (Pa. 1983) (holding that when a prisoner challenges the Board's calculation of his maximum sentence date, based upon subsequent criminal convictions, the challenge is "a matter properly addressed to [this Court's] appellate jurisdiction, 42 Pa.C.S. §763"); *Calloway v. Board of Probation and Parole*, 857 A.2d 218, 220-22 (Pa. Cmwlth. 2004) (concluding that when a prisoner seeks credit on the Board's recalculation order, the prisoner "was required to file a direct appeal of that order addressed to this Court's appellate jurisdiction."); *Evans v. Board of Probation and Parole*, 713 A.2d 741 (Pa Cmwlth. 1998) (explaining that when the prisoner alleges that the Board erred in calculating his maximum sentence date, the prisoner's appeals process consists of filing an appeal to the Board and then an appeal to this Court); *St. Clair v. Board of Probation and Parole*, 493 A.2d 146 (Pa. Cmwlth. 1985). In *St. Clair*, the Board entered an order extending the prisoner's maximum sentence date in accordance with former section 21.1(a) of the Parole Act,[7] which stated that a CPV shall not receive credit for time spent at liberty on parole. In dismissing the prisoner's mandamus claim filed in our original jurisdiction, this Court held that "claims by parolees for time credit are properly addressed to our appellate jurisdiction under 42 Pa.C.S. §763."

Here, Pittman is challenging the recalculation of his maximum sentence date, contending that he was improperly denied credit as a CPV under section

---

**(continued…)**

> (2) All appeals jurisdiction of which is vested in the Commonwealth
> Court by any statute hereafter enacted.

42 Pa.C.S. §763.

[7] Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. §331.21a(a), repealed by the Act of August 11, 2009, P.L. 147.

6

6138(a)(2) of the Parole Code. Based upon *St Clair* and the above case law, we conclude that we possess statutory jurisdiction via section 763 of the Judicial Code. 42 Pa.C.S. §763. Accordingly, we proceed to address the arguments that Pittman raises in this appeal.

## Abuse of Discretion

On appeal, Pittman does not dispute that under section 6138(a)(2) of the Parole Code, the Board can deny him credit for time spent at liberty on parole. Instead, Pittman argues that the Board overlooked section 6138(a)(2.1) of the Parole Code, 61 Pa.C.S. §6138(a)(2.1), added by the Act of July 5, 2012, P.L. 1050 (Act 122), which grants the Board discretion to award a CPV credit for time spent on parole. Citing *Gillespie v. Pennsylvania Department of Transportation, Bureau of Driver Licensing*, 886 A.2d 317 (Pa. Cmwlth. 2005), Pittman contends that the Board completely failed to exercise its discretion under section 6138(a)(2.1) of the Parole Code by checking a box denying credit and that this alleged failure to exercise discretion, in and of itself, constitutes an abuse of discretion. On this basis, Pittman seeks a remand.

We proceed first with a review of section 6138(a) of the Parole Code, which requires that if a parolee's recommitment is ordered, then the parolee shall be reentered to serve the remainder of the term had parole not been granted. Specifically, section 6138(a) of the Parole Code in pertinent part states:

> §6138. Violation of terms of parole.
>
> (a) Convicted violators.
>
> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable

7

by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, **the parolee shall be reentered to serve the remainder of the term** which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) **The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole**, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

61 Pa.C.S. §6138(a)(1)-(2.1)(i) (emphasis added).

Hence, the Board's exercise of discretion under section 6138(a) of the Parole Code is two-fold. First, the Board must determine whether to recommit a parole violator. Second, when recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term, but the Board may, in its discretion, award the parolee credit. Significantly, Pittman pleaded guilty to PWID and admitted that he was a CPV on the Board's waiver form. He never asked for credit and there is no record of a hearing or request for credit before the Board. Nonetheless, Pittman now claims that the Board failed to exercise discretion and should have issued a statement of reasons as to why it did not give him credit.

8

The hearing report provided the Board with the option to award Pittman with credit for time spent on parole in a "yes" or "no" format and listed, by way of reference, the particular provision of the Judicial Code, section 9714(g), 42 Pa.C.S. §9714(g), for which violation while on parole would preclude the Board from exercising its discretion to award credit. On its face, the hearing report provided the Board with the choice to award credit under section 6138(a)(2.1) of the Parole Code or not. There are no further instructions regarding credit on the hearing report. Consequently, the completed hearing report, alone, establishes that the Board exercised discretion pursuant to section 6138(a)(2.1) by checking "no" and denying Pittman credit for time spent at liberty on parole. In an unreported decision, *Torres v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 1090 C.D. 2014, filed April 10, 2015), slip op. at 9, this Court reached a similar result, concluding that the Board did not "summarily deny" the inmate credit where the Board noted that the inmate was a CPV and checked the box for "no credit" on the hearing report.[8, 9]

Our conclusion is reinforced by other provisions of the Parole Code governing decisions made by the Board. Notably, unlike the Board's decisions to parole and reparole under section 6137 of the Parole Code, our legislature has not enumerated any criteria to be considered or general standard to be applied by the Board when determining whether to award credit.

---

[8] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a), unreported decisions may be cited for their persuasive value.

[9] The Dissent states that "[i]t appears here that Pittman was not given credit solely because the Board did not realize that the Parole Code had been amended by Act 122 thereby allowing for certain convicted parole violators to be granted such credit." (Dissent op. at 4.) In doing so, the Dissent engages in supposition and ignores the hearing report.

9

Specifically, sections 6137(a)(1)(i)-(ii) and (h)(1)-(2) of the Parole Code enunciate these guidelines as follows:

(a) General criteria for parole.

(1) **The board may parole subject to consideration of guidelines established under 42 Pa.C.S. §2154.5 (relating to adoption of guidelines for parole) and may release** on parole any inmate to whom the power to parole is granted to the board by this chapter, except an inmate condemned to death or serving life imprisonment, **whenever in its opinion**:

(i) **The best interests of the inmate justify or require that the inmate be paroled**.

(ii) **It does not appear that the interests of the Commonwealth will be injured by the inmate's parole**.

\*    \*    \*

(h) Power to recommit.

(1) **The board may**, during the period for which an inmate shall have been sentenced, **recommit the inmate**, if paroled, for violation of the terms and conditions of his parole and from time to time to reparole and recommit in the same manner and with the same procedure as in the case of an original parole or recommitment **if, in the judgment of the board**:

(i) **There is a reasonable probability that the inmate will be benefited by paroling the inmate again**.

(ii) **It does not appear that the interests of the Commonwealth will be injured by paroling the inmate again**.

(2) In exercising these powers, **the board shall consider any applicable recommitment ranges established by the commission under 42 Pa.C.S. §2154.6 (relating to**

10

**adoption of recommitment ranges following revocation
of parole by board)**.

61 Pa.C.S. §6137(a)(1)(i)-(ii), (h)(1)-(2) (emphasis added).

By way of these guidelines, the legislature established specific parameters and means by which the Board may exercise its discretion. *See* 61 Pa.C.S. §6137(a)(1)(i)-(ii) (stating that the Board, after considering guidelines, may parole when, in its opinion, "[t]he best interests of the inmate justify or require that the inmate be paroled" and "[i]t does not appear that the interests of the Commonwealth will be injured by the inmate's parole."); 61 Pa.C.S. §6137(h)(1)(i)-(ii) (stating that the Board, after considering recommitment ranges, may recommit or reparole when, in its judgment, "[t]here is a reasonable probability that the inmate will be benefited by paroling the inmate again" and "[i]t does not appear that the interests of the Commonwealth will be injured by paroling the inmate again.").

In contrast to these provisions, section 6138(a)(2.1) only states that the Board "may, in its discretion, award credit. . . ." 61 Pa.C.S. §6138(a)(2.1). Based upon its plain language, there are no statutory standards in section 6138(a)(2.1) of the Parole Code that define or curtail how, when, or in what manner discretion should or must be exercised. It is well-settled that this Court cannot supply such guideposts as a matter of judicial construction. *Commonwealth v. Rieck Investment Corp.*, 213 A.2d 277, 282 (Pa. 1965) ("[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include."). Ultimately, the absence of statutory standards further supports the conclusion that the Board's checking of "no" on the hearing report demonstrates that the Board fully exercised the discretion that the legislature afforded to it under section 6138 of the Parole

11

Code.[10]  Therefore, Pittman's argument that the Board failed to exercise discretion is refuted by the record and the statutory language and scheme contained in section 6138 of the Parole Code.

Pittman's reliance on *Gillespie* is misplaced.  In that case, the Department of Transportation (Department) requested a continuance of a license suspension appeal because a witness was unavailable to testify.  The licensee opposed the request, and the trial court denied the continuance on the ground that it was the trial court's standard policy to continue cases only where both parties agreed to the request.  Consequently, the Department could not proceed with its case, and the trial court sustained the licensee's appeal.

On appeal to this Court, we concluded that the trial court failed to exercise discretion when ruling on the Department's request for a continuance.  We initially reiterated that judicial discretion "broadly defined, is the option which a judge may exercise either to do or not to do that which is proposed to him."  886 A.2d at 319 (citation omitted).  After noting the trial court's "[b]lind adherence to an

---

[10] *See also Heckler v. Chaney*, 470 U.S. 821, 830 (1985) ("[I]f the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion . . . the statute ('law') can be taken to have committed the decision making to the agency's judgment absolutely. . . . [I]f no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for 'abuse of discretion.'"); Charles H. Koch, *Unreviewability in State Administrative Law*, 19 J. NAALJ 59, 65-68 (1999) ("A statute might give total authority to the administrative decision maker so as to leave no role for the courts. That is, the statute may not expressly preclude review . . . but may delegate so much authority to the agency that there is none left for the courts. . . . The existence of unreviewable discretion often derives from the absence of standards by which a court may evaluate the agency decision.").  *See generally Reider v. Board of Probation and Parole*, 514 A.2d 967, 971 (Pa. Cmwlth. 1986) ("Because there are so many variables which are impossible for a court to properly evaluate . . . we believe that the action of the Board is uniquely one of administrative discretion not subject to our review.").  *Compare MJM v. MLG*, 63 A.3d 331, 335-36 (Pa. Super. 2013) (explaining how the statutory language at issue requires a trial court to expressly consider each factor enumerated in the statute).

established policy," this Court determined that the trial court "did not exercise its discretion at all." *Id.* at 319-20. In reaching this conclusion, we emphasized that the trial court:

> considered neither the merits of the Department's request nor whether [the licensee] would be prejudiced by a continuance. Instead, [the trial court] essentially delegated its decision-making function to the attorneys, or, more accurately, to [the licensee's] attorney. We can think of no clearer example of an abuse of discretion than abdication of the judge's role to an interested party.

*Id.* at 320.

Unlike the trial court in *Gillespie*, the Board here did not "punt" away its duty to exercise discretion in rendering its decision. Instead, the Board was presented with a choice and affirmatively chose to deny Pittman credit. In completing the hearing report, the Board exercised discretion in deciding "either to do or not do that which is proposed to [it]," *id.* at 319, under section 6138(a)(2.1) of the Parole Code. Notably, Pennsylvania law presumes that the Board acted lawfully and utilized its discretion in good faith, *see Office of Governorv. Donahue*, 98 A.3d 1223, 1239 (Pa. 2014), and Pittman does not contend otherwise. Therefore, because the record establishes that the Board exercised discretion, *Gillespie* is clearly distinguishable on its facts.

## Statement of Reasons

Pittman also asserts that the Board erred in failing to state its reasons for denying him credit. Pittman points out that he was not convicted of an excludable offense under section 6138(a)(2.1)(i) of the Parole Code, 61 Pa.C.S. §6138(a)(2.1)(i), and maintains that he deserves an explanation as to why the Board denied him credit.

13

In relevant part, section 6138(a)(2.1) of the Parole Code provides that the Board "may, in its discretion, award credit to a parolee recommitted" as a CPV. 61 Pa.C.S. §6138(a)(2.1). The Board is deprived of this discretion when: "(i) [t]he crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders)" or "(ii) [t]he parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order)." 61 Pa.C.S. §6138(a)(2.1)(i)-(ii). Pittman is correct that neither of these provisions applies to him.

Nonetheless, pursuant to the plain language of section 6138(a)(2.1) of the Parole Code, there is no express requirement that the Board issue a statement of reasons for denying credit to a CPV for time spent at liberty on parole. When section 6138(a)(2.1) is viewed alongside other provisions of the Parole Code, this fact – *i.e.*, the absence of a written statement requirement – is extremely significant for purposes of statutory interpretation.

"The cardinal rule of all statutory construction is to ascertain and effectuate the intent of the Legislature." *O'Rourke v. Department of Corrections*, 778 A.2d 1194, 1201 (Pa. 2001). To accomplish that goal, "statutory language must be read in context, that is, in ascertaining legislative intent, every portion of statutory language is to be read together and in conjunction with the remaining statutory language, and construed with reference to the entire statute as a whole." *Gaming Control Board v. Office of Open Records*, 103 A.3d 1276, 1285 (Pa. 2014).

In contrast to section 6138(a)(2.1), sections 6137(b) and 6137(i) of the Parole Code explicitly mandate that the Board provide "a written statement of the

14

reason" for denying a prisoner parole or recommitting a parolee for violating the conditions of parole in certain situations.  61 Pa.C.S. §6137(b), (i).  The pertinent provisions of section 6137 state:

> (a)  General criteria for parole.
>
> (1)  The board may parole subject to consideration of guidelines established under 42 Pa.C.S. §2154.5 (relating to adoption of guidelines for parole) . . . .
>
> \*     \*     \*
>
> (b)  Cases involving deviations from guidelines. -- In each case in which the board **deviates from the guidelines** established under 42 Pa.C.S. §2154.5, **the board shall provide a contemporaneous written statement of the reason for the deviation from the guidelines to the commission** as established under 42 Pa.C.S. §2153(a)(14) (relating to powers and duties).  The board may develop and use internal decisional instruments.  This subsection shall not be construed to prevent the board from also developing forms or other documents, policies and procedures consistent with this chapter, including internal decisional instruments.
>
> \*     \*     \*
>
> (h)  Power to recommit.
>
> (1) The board may, during the period for which an inmate shall have been sentenced, recommit the inmate. . . .
>
> \*     \*     \*
>
> (2) In exercising these powers, the board shall consider any applicable recommitment ranges established by the commission under 42 Pa.C.S. §2154.6 (relating to adoption of recommitment ranges following revocation of parole by board).
>
> \*     \*     \*

15

> (i) Cases involving deviations from guidelines. -- In each case in which the board **deviates from the recommitment ranges established under 42 Pa.C.S. §2154.6, the board shall provide a contemporaneous written statement of the reason for the deviation from the recommitment ranges to the commission**, as established under 42 Pa.C.S. §2153(a)(14).

61 Pa.C.S. §6137(a)(1), (b), (h)(1)-(2), (i) (emphasis supplied).

The legislature's intent is clear that where the Board "deviates" from guidelines established to determine when an individual may be paroled, "the board shall provide a contemporaneous written statement of the reason for the deviation," 61 Pa.C.S. §6137(b), and where the Board recommits a parolee for violating the conditions of parole and "deviates" from the recommitment ranges established by statute, "the board shall provide a contemporaneous written statement of the reason for the deviation. . . ." 61 Pa.C.S. §6137(i). This statutory language requiring a written statement of reasons is clearly based on the occurrence of a deviation by the Board's action. Such language does not appear anywhere in section 6138 of the Parole Code.

Under our rules of statutory construction, "where the legislature includes specific language in one section of the statute and excludes it from another, the language should not be implied where excluded." *Fonner v. Shandon, Inc.*, 724 A.2d 903, 907 (Pa. 1999) (concluding that where one section of a statute had an "unless" clause, but the legislature did not include the clause in another section, the "unless" clause could not be implied into that section). Indeed, "where a section of a statute contains a given provision, the omission of such a provision from a similar section is significant to show a different legislative intent." *Fletcher v. Pennsylvania Property & Casualty Insurance Guaranty Association*, 985 A.2d 678, 684 (Pa. 2009). While

16

sections 6137(b) and (i) of the Parole Code contain a written statement of reasons requirement, section 6138(a)(2.1) of the Parole Code does not. Therefore, we must conclude that there is no statutory basis upon which to find or infer that the Board must issue a statement of reasons for denying a CPV credit for time spent at liberty on parole under section 6138(a)(2.1) of the Parole Code. *Accord Torres*, slip op. at 9 n.3 ("We also agree with the Board that there is no requirement in the [Parole Code] that the Board explain its reasons for denying a CPV credit for street time under 61 Pa.C.S. §6138(a)(2.1).").

"A court has no power to insert words into statutory provisions where the legislature has failed to supply them." *Amendola v. Civil Service Commission of Crafton Borough*, 589 A.2d 775, 777 (Pa. Cmwlth. 1991). Because this Court lacks the authority to insert a legal obligation into a statute (no matter how noble we may perceive one to be) where our legislature has not, we decline to impose upon the Board a requirement that the Board issue a statement of reasons for denying credit. This is especially true considering that in the section immediately preceding section 6138(a)(2.1), the legislature expressly provided two separate instances where the Board must issue a statement of reasons. In this context, we cannot, under the guise of judicial construction, take it upon ourselves to include a requirement that the legislature was entirely familiar with and could have easily inserted into section 6138(a)(2.1), but did not do so. *See Commonwealth ex rel. Cartwright v. Cartwright*, 40 A.2d 30, 33 (Pa. 1944) ("[T]he court cannot, under its powers of construction, supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted. It makes no difference that the omission resulted from inadvertence, or because the case in question was not foreseen or contemplated"). To

the contrary, this Court must presume that the omission was intentional.  *See Fletcher*, 985 A.2d at 684; *Fonner*, 724 A.2d at 907.[11]

_____

[11] The Dissent reiterates the legislative addition of section 6138(a)(2.1) concerning the Board's discretion to award credit to a parolee for the time spent at liberty on parole, subject to noted exceptions.  We have already addressed and disposed of this change under necessary statutory construction principles to which the judiciary must adhere in interpreting statutory law.  However, the Dissent does not address these principles.  Rather, due to differences in statutory language, the Dissent's reliance on *Commonwealth v. Artis*, 439 A.2d 1199 (Pa. Super. 1982), and section 9721 of the Sentencing Code, 42 Pa.C.S. §9721, is severely misplaced.  For instance, section 9721(a) of the Sentencing Code mandates that in determining the sentence to be imposed, a trial court "**shall**, except as provided in subsection (a.1), **consider and select one or more**" of seven enumerated sentencing alternatives, 42 Pa.C.S. §9721(a) (emphasis added), which are listed in sections 9722 through 9725 of the Sentencing Code.  42 Pa.C.S. §§9722—25.  Similarly, section 9721(b) of the Sentencing Code provides that "the court **shall make** as a part of the record, **and disclose** in open court at the time of sentencing, **a statement of the reason or reasons for the sentence imposed**." 42 Pa.C.S. §9721(b) (emphasis added).  As explained above, there is no such language in section 6138(a)(2.1) of the Parole Code and we cannot insert it as a matter of judicial fiat.

Instead, the Dissent would insert a requirement where none was expressed by the legislature and, moreover, where it is necessarily excluded by application of standard statutory construction principles.  The Dissent cites two unpublished memorandum, *Sampson v. Pennsylvania Board of Probation and Parole* (Pa. Cmwth., No. 1107 C.D. 2014, filed March 25, 2015) (unreported), slip op. at 6, and *Torres*, slip op. at 9 n.3, for the idea that "[a] one sentence explanation for the Board's denial of credit can be sufficient, and the Board knows how to do this." (Dissent op. at 4.) However, there is no statutory or legal basis for the Dissent's *ipse dixit* statement, and neither *Sampson* nor *Torres* supports the proposition that the Board must state reasons for denying credit. Further, the Board's notations in those cases, "DV – assaulted wife" and "Conviction in court of record established," do not set forth any workable standard upon which to assess the Board's exercise of discretion for an abuse thereof.  In essence, the Board's notations do nothing more than confirm that the parolee is a CPV, which is a fact that is already assumed for purposes of section 6138(a)(2) and (2.1).  In the end, the Board's notations effectively amount to no explanation at all, and the Dissent's attempt to fashion what it believes to be a "sufficient explanation" only highlights the need for express legislative standards, which are lacking here.

Significantly, in addition to the above, the Dissent overlooks the waiver of a hearing by Pittman, his guilty plea, and the lack of any request for credit in this case.

Finally, the Dissent references a law review article, Stewart Greenleaf, Essay, *Prison Reform in the Pennsylvania Legislature*, 160 U. PA. L. REV 179 (2011), for the proposition that
**(Footnote continued on next page…)**

18

Moreover, even if we imported the statutory obligations from sections 6137(b) and (i) of the Parole Code into section 6138(a)(2.1), and found that the Board must issue a statement of reasons, such a requirement would only apply when the Board "deviates" from the statutory norm. *See* 61 Pa.C.S. §6137(b) and (i).

Here, the statutory norm is set forth in section 6138(a)(2) of the Parole Code, which states as the norm that credit "shall" not be provided to a CPV. *See* 61 Pa.C.S. §6138(a)(2) ("[T]he parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole."). Importantly, this provision was retained, not revised, when the legislature later added section 6138(a)(2.1) of the Parole Code in 2012.

Section 6138(a)(2.1) of the Parole Code now affords the Board discretion to award credit in certain cases. *See* 61 Pa.C.S. §6138(a)(2.1). Following the structure of sections 6137(b) and (i) of the Parole Code, if a statutory requirement were superimposed on the Board to issue a statement of reasons, we would conclude that this requirement is only applicable when the Board departs from the presumptive norm and awards a CPV credit under section 6138(a)(2.1) of the Parole Code. *See* 61

---

**(continued…)**

section 6138(a)(2.1) of the Parole Code "was enacted to make the state's corrections system more efficient by keeping low-risk cases out of prison in favor of less expensive and more effective sentencing." (Dissent op. at 2.) The article is a thorough and insightful exposition on prison reform, effective sentencing and rehabilitation alternatives such as county probation programs, expanding risk assessment, safe community reentry programs, and alternative sentencing programs. While there is a footnote referencing section 6138(c)(5) of the Parole Code, 61 Pa.C.S. §6138(c)(5)(iv), which states that **technical** "parole violators shall be supervised in accordance with evidence–based practices that may include . . . [u]se of a graduated violation sanctioning process," 61 Pa.C.S. §6138(c)(5)(iv), there is no mention of section 6138 (a)(2.1) or implication that credit must be awarded for **convicted** parole violators for time spent at liberty on parole.

19

Pa.C.S. §6138(b), (i). Because the Board did not award Pittman credit in this case, the Board was not legally obligated to issue a statement of reasons.

Finally, we note that even if the Board were required to issue a statement as to why it denied credit, that obligation would not be triggered unless a prisoner requested the Board for credit and provided the Board with reasons for awarding credit. Indeed, the Board would have no basis to issue an award of credit, or, in other words, to deviate from the norm, unless or until the prisoner provides reasons supporting an award of credit

Here, Pittman waived his revocation hearing, and he did not request another hearing or utilize an informal process through which he could inform the Board why he is entitled to an award of credit. Notably, Pittman does not contend that the Board erroneously denied him credit based on the documentation that the Board has in its possession. Indeed, Pittman does not make any argument that his particular facts and circumstances support an award of credit for time spent on parole. Given these circumstances, we would conclude that the Board was not legally required to provide Pittman with a statement of reasons for denying him credit for time spent at liberty on parole.[12]

_____

[12] We note that Pittman does not assert that procedural due process requires the Board to issue a statement of reasons.

In any event, the Fourteenth Amendment to the United States Constitution provides, in relevant part, that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1. To maintain a due process challenge, a party must initially establish the deprivation of a protected liberty or property interest. *Miller v. Workers' Compensation Appeal Board (Pavex, Inc.)*, 918 A.2d 809, 812 (Pa. Cmwlth. 2007). Only after the party establishes the deprivation of a protected interest will we consider what method of due process is required. *Id.*

**(Footnote continued on next page…)**

20

## Conclusion

Because the record demonstrates that the Board exercised discretion in denying Pittman, a CPV, credit for time he spent at liberty on parole, and having concluded that the Board was not required to issue a statement of reasons for its decision, in this matter, we discern no basis upon which to upset the Board's order. This Court does not find, however, that it would be unreasonable for the legislature to impose an additional requirement upon the Board and require the Board to issue a statement of reasons as to why it denied credit. Nor do we find that compliance with such a requirement would be onerous to the Board. However, applying well-settled principles of statutory construction, we must conclude that it is incumbent upon the legislature to explicitly impose such a requirement if it be their intent. Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge



**(continued…)**

Here, Pittman has no constitutionally protected liberty interest in receiving credit for time spent on parole. *See Young v. Board of Probation and Parole*, 409 A.2d 843, 847-48 (Pa. 1979); *Tubbs v. Board of Probation and Parole*, 620 A.2d 584, 585-86 (Pa. Cmwlth. 1993); *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001); *Dews v. Waldern*, 590 F.Supp.2d 42, 44 (D.D.C. 2008). Neither does Pittman have a protected property interest under state law. "When an individual alleges a protected property interest in the receipt of a state created benefit, the individual must establish more than a mere expectation to it; the individual must demonstrate an actual entitlement to it." *Miller*, 918 A.2d at 812. Under section 6138(a)(2.1) of the Parole Code, credit for time served on parole is at the Board's sole discretion ("may, in its discretion"). *See Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 464-65 (1989); *Frey v. Fulcomer*, 132 F.3d 916, 925 n.7 (3d Cir. 1997).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Pittman,                                    :
                    Petitioner                    :
                                                  :   No.  978 C.D. 2014
          v.                                      :
                                                  :
Pennsylvania Board of Probation                   :
and Parole,                                       :
                    Respondent                    :

## ***ORDER***

AND NOW, this 8th day of January, 2016, the May 29, 2014 order of the Pennsylvania Board of Probation and Parole is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

Kevin Pittman, : 
                Petitioner : 
                 : 
                 : 
          v. : No. 978 C.D. 2014
                 : Argued:  October 7, 2015
                 : 
Pennsylvania Board of Probation : 
and Parole, : 
                Respondent : 


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge


DISSENTING OPINION BY
PRESIDENT JUDGE PELLEGRINI           FILED: January 8, 2016


        Until 2012, Section 6138(a) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a), required that when a parolee was recommitted as a convicted parole violator, no matter what the nature of the crime, the parolee did not receive credit for the time that he or she spent at liberty on parole.  However, in 2012, the Parole Code was changed by adding Section 6138(a)(2.1), 61 Pa. C.S. §6138(a)(2.1), to give the Board of Probation and Parole (Board) the power to grant credit for the time spent at "liberty on parole" against a parolee's maximum sentence. Section 6138(a)(2.1)(i) provides, in pertinent part:

> **The board may, in its discretion, award credit to a parolee recommitted … for the time spent at liberty on parole**, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders). (Emphasis added).

This was one of the changes made by the Act of July 5, 2012, P.L. 1050 (Act 122) that was enacted to make the state's corrections system more efficient by keeping low-risk cases out of prison in favor of less expensive and more effective sentencing. *See* Stewart Greenleaf, Essay, *Prison Reform in the Pennsylvania Legislature*, 160 U. PA. L. REV 179 (2011).

The central issue in this case is whether, at a minimum, the Board has to show that it exercised discretion when it denied or, for that matter, granted a parolee credit for time spent at liberty on parole against his or her sentence by giving some reason why it granted or denied such credit. In this case, the Board's recommitment decision gave no reason whatsoever, and its later decision denying Pittman's request for administrative relief merely stated that "as a convicted parole violator you automatically forfeited credit for all the time that you spent on parole." (Board 6/20/14 Decision).

In the criminal context, because it will result in a loss of liberty, it has been held that a sentencing court's failure to exercise its discretion by considering the factors set forth in Section 9721(b) of the Sentencing Code, 42 Pa. C.S. §9721(b), or the factors mandated by Sections 9722 through 9725, 42 Pa. C.S. §§9722-9725, constitutes reversible error requiring the vacation of sentence and remand for re-sentencing. *See Commonwealth v. Artis*, 439 A.2d 1199, 1203 (Pa. Super. 1982). We

have also held that a trial court's failure to exercise any discretion in and of itself constitutes an abuse of discretion. *Gillespie v. Department of Transportation, Bureau of Driver Licensing*, 886 A.2d 317, 319-20 (Pa. Cmwlth. 2005). I believe that the Board violated Section 6138(a)(2.1) of the Parole Code by not giving any reasons for denying Pittman credit for the time that he was at liberty on parole in its recommitment decision and for denying his request for administrative relief because it found that he was ineligible for credit based solely on his status as a convicted parole violator.

I would hold that 61 Pa. C.S. §6138(a)(2.1) requires the Board to give a reason as to how it exercised its discretion to grant or deny a parolee credit against his original sentence for time spent at liberty on parole. First, the parolee would be informed that the issue was considered by the Board as required by the Parole Code and, just as important, that the Board has complied with the legislative mandate to exercise its discretion. Second, by requiring the Board to explain why it denied or granted credit for time spent at liberty on parole allows the public and the legislature to see how the Board exercises its discretion and carries out its discretion to grant such credit.

The reason that the Board gives does not have to be expansive. A one sentence explanation for the Board's denial of credit can be sufficient, and the Board knows how to do this. See, e.g., *Sampson v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1107 C.D. 2014, filed March 25, 2015), at 6 (Hearing Report contained handwritten notation of "DV – assaulted wife" beneath the checkbox); *Torres v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No.

1009 C.D. 2014, filed April 10, 2015), at 9 n.3 (Board indicated as a reason for denying credit "Conviction in court of record established.").

Moreover, the need for the Board to give a reason for its decision is exemplified here because, in denying administrative relief, the Board stated that Pittman was not eligible for credit for the time that he had spent at liberty on parole only because he was a convicted parole violator. That may have been law before the 2012 amendments to the Parole Code, but it was not the law when the Board denied credit in this case following the enactment of Act 122. It appears here that Pittman was not given credit solely because the Board did not realize that the Parole Code had been amended by Act 122 thereby allowing for certain convicted parole violators to be granted such credit. This constitutes both an error of law and an abuse of discretion because the Board failed to exercise its discretion as now required by the Parole Code and requires this Court to vacate the Board's decision and remand for reconsideration.[1]

---

[1] As the Supreme Court has explained:

> "Abuse of discretion" is synonymous with a failure to exercise a sound, reasonable, and legal discretion. It is a strict legal term indicating that [an] appellate court is of [the] opinion that there was commission of an error of law by the trial court. It does not imply intentional wrong or bad faith, or misconduct, nor any reflection on the judge but means the clearly erroneous conclusion and judgment— one that is clearly against logic and effect of such facts as are presented in support of the application or against the reasonable and probable deductions to be drawn from the facts disclosed upon the hearing; an improvident exercise of discretion; an error of law.

*Commonwealth v. Powell*, 590 A.2d 1240, 1244 n.8 (Pa. 1991) (citation omitted).

DRP - 4

Accordingly, I respectfully dissent.

                                       _____

                                       DAN PELLEGRINI, President Judge

Judge Leavitt joins in this dissenting opinion.