# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Stephan Thompson, : 
                    Petitioner : 
                              : 
        v.                    : No. 118 C.D. 2015
                              : Submitted: April 1, 2016
Pennsylvania Board of         : 
Probation and Parole,         : 
                    Respondent : 


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  May 24, 2016**


Petitioner Thomas Stephan[1] Thompson (Thompson) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board). The Board denied Thompson's request for administrative relief from the revocation of his parole and his recommitment as a convicted parole violator, in which Thompson argued that the Board failed to exercise its discretion in considering whether to grant him credit for time spent at liberty on parole. We now affirm.

---

[1] Although the caption in this matter identifies the Petitioner as Thomas "Stephan" Thompson, it is apparent from the record that his name is Thomas "Stephen" Thompson.

In 1987, Thompson was convicted of three counts of robbery, 18 Pa. C.S. § 3701, and he received three five-to-ten year sentences, which were to be served consecutively. (Certified Record (C.R.) at 1.) The Board granted Thompson parole on April 11, 2001, but the Board recommitted Thompson to a state correctional institution on August 10, 2001, as a technical parole violator. (*Id.* at 8, 12.) On September 26, 2003, the Board re-paroled Thompson. (*Id.* at 16.) Thompson was arrested on November 20, 2003, and the Board lodged a warrant to detain Thompson pending disposition of the theft by receiving stolen property, 18 Pa. C.S. § 3925, and unauthorized use of a motor vehicle, 18 Pa. C.S. § 3928, charges stemming from his arrest. (*Id.* at 23.) On February 12, 2004, the Board recommitted Thompson as a technical parole violator, and, on August 2, 2004, Thompson was convicted of the new criminal charges, for which he received a sentence of three-to-six years. (*Id.* at 26, 46.) On August 3, 2005, the Board recommitted Thompson as a convicted parole violator due to his conviction. (*Id.* at 26.) The Board re-paroled Thompson on November 30, 2007, but Thompson was immediately recommitted to a state correctional institution to begin serving his three-to-six year sentence. (*Id.* at 37, 62.) The Board ultimately granted Thompson parole as to both of his sentences on June 18, 2013. (*Id.* at 46.)

On October 15, 2013, Thompson was arrested and charged with criminal mischief, 18 Pa. C.S. § 3304; criminal trespass, 18 Pa. C.S. § 3503; disorderly conduct, 18 Pa. C.S. § 5503; loitering and prowling at night time, 18 Pa. C.S. § 5506; possessing instruments of crime, 18 Pa. C.S. § 907; theft by receiving stolen property; and unauthorized use of a motor vehicle. (*Id.* at 52.) The Board lodged a warrant to commit and detain Thompson pending disposition of his new charges, and Thompson waived his detention hearing. (*Id.* at 51.)

Thompson pled guilty to the charges of possessing instruments of crime and unauthorized use of a motor vehicle, and the remaining charges were dismissed. (*Id.* at 93.) On April 8, 2014, Thompson waived his right to a revocation hearing and admitted to his conviction. (*Id.* at 71.) A hearing examiner issued a report recommending that Thompson be recommitted as a convicted parole violator, and on May 23, 2014, the report received the second panel member signature necessary to recommit Thompson. (*Id.* at 80.) In the section of the report concerning whether Thompson would receive credit for time spent at liberty on parole, the Board checked "no," thus denying Thompson credit. (*Id.* at 75.) The Board determined that Thompson owed 2,903 days of backtime, and it calculated his new maximum sentence date as June 11, 2022. (*Id.* at 84.)

Thompson filed a request for administrative relief from the Board's decision to revoke his parole and recommit him as a convicted parole violator. In so doing, Thompson argued that the Board erroneously failed to exercise its discretion under Section 6138(a)(2.1) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2.1). Thompson alleged that there was no indication that the Board considered granting him credit against his maximum sentence, and, even if it did consider granting him credit, the Board failed to provide an explanation for denying such credit. On January 22, 2015, the Board dismissed Thompson's request for administrative relief as unauthorized. The Board explained that the decision to deny Thompson credit for time at liberty on parole was discretionary and, thus, not appealable. Thompson petitioned this Court for review.

3

On appeal,[2] Thompson contends that the Board abused its discretion under Section 6138(a)(2.1) of the Code by failing to consider granting him credit for time spent at liberty on parole. Thompson acknowledges that nothing in the Code entitles him to credit, but he maintains that Section 6138(a)(2.1) of the Code requires the Board to consider whether to grant a parolee credit unless the parolee has been convicted of a crime of violence or a crime requiring registration pursuant to 42 Pa. C.S. § 9799.13. Thompson argues that his convictions did not warrant an automatic denial of credit, and, therefore, the Board abused its discretion in failing to consider granting him credit as required by Section 6138(a)(2.1) of the Code. Further, in denying him credit against his maximum sentence, the Board failed to issue a statement of reasons as to why Thompson was not granted credit, as required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, U.S. CONST. amend. XIV, § 1 (hereinafter, Due Process Clause). Thompson requests that we remand this matter to the Board for consideration of whether to grant Thompson credit for time at liberty on parole.

Section 6138(a) of the Code provides:

**(a) Convicted violators.--**

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court

---

[2] Our standard of review of a Board order denying administrative relief is limited to considering whether necessary factual findings are supported by substantial evidence, whether the Board erred as a matter of law, and whether constitutional rights were violated. 2 Pa. C.S. § 704.

4

of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H1 (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

In *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016) (en banc),[3] the Board revoked a parolee's parole and recommitted him as a convicted parole violator. In so doing, the Board denied the parolee credit for time spent at liberty on parole. The Board's decision to deny the parolee credit was reflected in the hearing report, wherein the Board checked "no" on the line concerning whether to grant a parolee credit. The parolee filed a

---

[3] We note that a petition for allowance of appeal has been filed with the Supreme Court of Pennsylvania regarding this Court's decision in *Pittman*. *See Pittman v. Pa. Bd. of Prob. and Parole*, (Pa., 90 MAL 2016).

5

request for administrative relief, which the Board denied. On appeal to this Court, the parolee contended "that the Board completely failed to exercise its discretion under [S]ection 6138(a)(2.1) of the . . . Code by checking a box denying credit and that this alleged failure to exercise discretion, in and of itself, constitutes an abuse of discretion." *Pittman*, 131 A.3d at 609. In affirming the Board's decision, we explained that the hearing report provided the Board with the choice to award or deny credit, and there were no other instructions in the report with respect to credit. "Consequently, the completed hearing report, alone, establishes that the Board exercised discretion pursuant to [S]ection 6138(a)(2.1) [of the Code] by checking 'no' and denying [the parolee] credit for time spent at liberty on parole." *Id.* Additionally, there are no statutory standards in Section 6138(a)(2.1) of the Code pertaining to the manner in which the Board must exercise its discretion in granting credit. This absence of standards demonstrates "that the Board fully exercised the discretion that the legislature afforded to it." *Id.* at 611. We further concluded "that the Board was not legally required to provide [the parolee] with a statement of reasons for denying him credit for time spent at liberty on parole." *Id.* at 616. Specifically, we explained that although the parolee did not raise a procedural due process argument, the Due Process Clause does not require the Board to provide a statement of reasons, because a parolee has no constitutionally protected liberty or property interest in receiving credit for time spent at liberty on parole.

The instant matter is indistinguishable from *Pittman*. Here, the Board denied Thompson credit for time spent at liberty on parole by checking "no" on the hearing report. Despite Thompson's arguments to the contrary, this was sufficient to demonstrate that the Board exercised its discretion under Section 6138(a)(2.1) of

the Code. Further, although Thompson raises a procedural due process requirement as to a parolee's entitlement to a statement of reasons concerning the denial of his or her credit, we explained in *Pittman* that the Due Process Clause does not require the Board to provide a statement of reasons in denying a parolee credit for time spent at liberty on parole. Because Thompson raises the same arguments that we rejected in *Pittman*, *Pittman* mandates that we affirm.

Accordingly, we affirm the Board's order.

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Stephan Thompson,        :
                Petitioner      :
                                    :
          v.                     :     No. 118 C.D. 2015
                                    :
Pennsylvania Board of             :
Probation and Parole,             :
               Respondent    :

# O R D E R

AND NOW, this 24th day of May, 2016, the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

 

_____
P. KEVIN BROBSON, Judge