# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamond L. Warner, : 
         : No. 2680 C.D. 2015
         Petitioner : Submitted: July 8, 2016
         :
         v. :
         :
Pennsylvania Board of Probation :
and Parole, :
         :
         Respondent :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN              FILED: September 2, 2016

Jamond L. Warner petitions for review of the December 2, 2015, decision of the Pennsylvania Board of Probation and Parole (Board) denying Warner's petition for administrative relief and affirming the Board's decision to recommit Warner as a convicted parole violator (CPV) and recalculate Warner's parole violation maximum date to January 15, 2019. We affirm.

On March 18, 2011, Warner was convicted of drug offenses, aggravated assault with bodily injury to an officer, and burglary, and was sentenced to two to five years' imprisonment. (C.R. at 1.) Warner's original maximum sentence date was December 27, 2017. (*Id.*) On May 7, 2014, Warner was released on parole with 1,330 days remaining on his original sentence. (*Id.* at 10.)

On August 5, 2014, the Allentown Police Department arrested Warner on new drug-related criminal charges, (*id.* at 14-18), which were filed in the Court of Common Pleas of Lehigh County. (*Id.* at 21-22.) Warner did not post bail and was confined at the Lehigh County Prison. (*Id.* at 30.) On August 6, 2014, the Board lodged a warrant to commit and detain Warner. (*Id.* at 20.) On June 12, 2015, Warner pled guilty to one of the new criminal charges and was sentenced to 18 to 36 months' imprisonment. (*Id.* at 23, 41.)

On June 22, 2015, the Board notified Warner of the parole violation charges against him and that a parole revocation hearing would be held due to his new criminal conviction. (*Id.* at 42.) On that same date, Warner signed a waiver of the revocation hearing and counsel and admitted that he was convicted of a new criminal charge in violation of his parole. (*Id.* at 43-44.) By decision mailed September 14, 2015, the Board informed Warner that, by order dated August 26, 2015, the Board had recommitted him as a CPV to serve six months' backtime with a parole eligibility date of February 25, 2016.[1] (*Id.* at 55-57.) The Board recalculated Warner's parole violation maximum date to January 15, 2019. (*Id.*) The Board credited Warner for the time he spent at liberty on parole from May 7, 2014, to August 6, 2014. (*Id.* at 47, 56; Supp. C.R. at 1-2.)

On October 8, 2015, Warner filed a petition for administrative relief with the Board, arguing that the Board failed to grant him credit for the time he spent at liberty on parole. (C.R. at 58-62.) By decision mailed December 2, 2015, the Board

---

[1] By decision mailed November 4, 2015, the Board modified its decision mailed September 14, 2015, to state that Warner would be paroled to the state detainer sentence. (C.R. at 63.)

denied Warner's petition.[2]  (*Id.* at 69.)  Warner now petitions for review of that decision.[3]

Warner argues that the Board erred in denying him credit on his original sentence for time spent at liberty on parole.  We disagree.

Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2), provides that when the Board recommits a parolee as a CPV, "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. §6138(a)(2.1), provides that "[t]he [B]oard may, in its discretion, award credit to a parolee recommitted [as a CPV] for the time spent at liberty on parole."

Here, contrary to Warner's assertion, the Board *did* credit his original sentence for the time he was at liberty on parole from May 7, 2014, to August 6, 2014.[4]  This is evidenced by the Board's August 26, 2015, order to recommit,

---

[2] The Board's decision denying Warner's petition for administrative relief incorrectly states that the Board denied Warner credit for time spent at liberty on parole when the Board recommitted Warner as a CPV.  (C.R. at 69.)

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[4] Warner's original maximum sentence date was December 27, 2017.  (C.R. at 1.)  Thus, when the Board released Warner on parole on May 7, 2014, he had 1,330 days remaining on his original maximum sentence date.  (*Id.* at 10; Supp. C.R. at 1.)  The Board lodged its warrant against Warner on August 6, 2014, 91 days after Warner's release on parole.  (C.R. at 20.)  Subtracting 91 **(Footnote continued on next page…)**

3

wherein the Board checked a box crediting Warner for time spent at liberty on parole, and the decision mailed September 14, 2015, notifying Warner of his recommitment. Even if the Board had denied Warner credit for the time he spent at liberty on parole, such denial would be consistent with the presumptive norm in section 6138(a)(2) of the Parole Code. Therefore, we find no error.

Warner also argues that the Board: (1) abused its discretion by failing to state why it denied Warner credit on his original sentence for time spent at liberty on parole, and (2) lacked the authority to modify his judicially-imposed original sentence by adding the time he spent at liberty on parole. However, as stated *supra*, the Board credited Warner for the time he spent at liberty on parole. Therefore, Warner's arguments must fail.[5]

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

_____
**(continued…)**

days from 1,330 days yields 1,239 days, the amount of backtime that Warner owed when the Board regained custody of Warner on August 25, 2015. (Supp. C.R. at 1.) Adding 1,239 days to August 25, 2015, yields the new parole violation maximum date of January 15, 2019. (*Id.*) Therefore, the Board clearly credited Warner for the 91 days he spent at liberty on parole.

[5] Even if the Board had denied Warner credit for time spent at liberty on parole, Warner's arguments would still fail. *See Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604, 612 (Pa. Cmwlth.) (*en banc*) ("[T]here is no express requirement that the Board issue a statement of reasons for denying credit to a CPV for time spent at liberty on parole."), *appeal granted*, 137 A.3d 572, 614 (Pa. 2016); *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980) (holding that the Board's denial of credit for the time a CPV spent at liberty on parole "is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamond L. Warner,                          :
                                           : No. 2680 C.D. 2015
                      Petitioner           :
                                           :
            v.                             :
                                           :
Pennsylvania Board of Probation            :
and Parole,                                :
                                           :
                      Respondent           :


O R D E R


AND NOW, this 2<u>nd</u> day of <u>September</u>, 2016, we hereby affirm the December 2, 2015, decision of the Pennsylvania Board of Probation and Parole.


_____
ROCHELLE S. FRIEDMAN, Senior Judge