[J-123-2016] [MO: Baer, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| KEVIN PITTMAN, | : | No. 56 MAP 2016 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court dated January 8, |
| | : | 2016 at No. 978 CD 2014 Affirming the |
| v. | : | Pennsylvania Board of Probation and |
| | : | Parole Order dated May 29, 2014 at No. |
| | : | 1435-S. |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, | : | SUBMITTED: November 22, 2016 |
| | : | |
| Appellee | : | |

## CONCURRING AND DISSENTING OPINION

**JUSTICE MUNDY**                                                 **DECIDED: April 26, 2017**

I join the Majority's conclusion that in this case the Pennsylvania Board of Probation and Parole abused its discretion by failing to consider whether to grant Appellant, a convicted parole violator (CPV), credit for time spent at liberty on parole pursuant to 61 Pa.C.S. § 6138(a)(2.1). However, because I do not agree that the Board must now, in all cases, provide a contemporaneous written statement explaining its rationale for denying a CPV credit for time spent at liberty on parole, I dissent.

In the instant case, the Board erroneously failed to exercise its discretion when it denied Appellant credit for time served on parole based on its belief he was automatically precluded as a result of his status as a CPV under Subsection 6138(a). The Board's error was brought to light in its written response to Appellant's petition for administrative review filed pursuant to 37 Pa. Code § 73.1(b). Section 73.1 requires the

Board, following a timely administrative appeal by a prisoner, to provide a response for the Board's denial of credit for time served. Section 73.1 provides:

> (b) *Petitions for administrative review.*
>
> (1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review. This subsection supersedes 1 Pa.Code § 35.226.

37 Pa. Code. § 73.1(b)(1). As the Majority also states, a prisoner may then exercise a statutory right to appeal the Board's administrative review to the Commonwealth Court. *See* 42 Pa.C.S. § 763; Maj. Op. at 6, n. 7.

Herein, the Commonwealth Court, in an *en banc* opinion, affirmed the Board's decision, determining that the Board had exercised its discretion by checking "No" on Appellant's parole hearing review form. *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604, 616 (Pa. Cmwlth. 2016). The Commonwealth Court majority essentially disregarded the Board's response to Appellant's petition for administrative review, where the Board admitted to exercising no discretion by following a misguided belief that Appellant was automatically precluded from receiving any credit for the time he spent on parole. Therefore, I agree with the Majority that the Commonwealth Court erred in concluding the Board did not abuse its discretion by determining Appellant automatically forfeited credit for time served on parole. Accordingly, for the reasons set forth in the Majority Opinion, I agree that the Commonwealth Court's order must be vacated, the Board's decision vacated, and the matter should be remanded for the

Board to exercise its discretion and determine whether Appellant should be granted credit for the time he spent on parole.

However, I disagree with the Majority's conclusion that Subsection 6138(a)(2.1), of the Parole Code, 61 Pa.C.S. § 6138(a)(2.1), requires the Board to provide a contemporaneous statement explaining its rationale for denying a CPV credit for time spent at liberty on parole. Hence, I dissent. On appeal, the Board maintains its position that under the plain language of Subsection 6138(a)(2.1) it is not required to provide a written statement of its reasons for denying credit. Further, the Commonwealth Court in its opinion reached this same conclusion by looking to the statutory language of Subsection 6138(a)(2.1). Finally, the Majority concedes "the Board's description of the statute is accurate in so far as there is no explicit requirement that the Board must provide a contemporaneous statement explaining its decision in Subsection 6138(a)(2.1)." Maj. Op. at 13. Therefore, there is a consensus that the statutory language of Subsection 6138(a)(2.1) does not support requiring the Board to issue a written statement.

Nevertheless, the Majority now requires, based on the necessity of creating a reviewable record for the Commonwealth Court following a denial of a prisoner's administrative appeal that a written statement be issued contemporaneously with the Board's initial decision. Because a mechanism for explaining and reviewing the Board's exercise of discretion already exists via the Board's response to an appellant's petition for administrative review, I cannot agree with the addition of a requirement unsupported by the statutory language of Subsection 6138(a)(2.1).

Upon receiving notice that the Board has denied credit for time spent at liberty on parole, a prisoner may file an administrative appeal to the Board. Subsection 73.1(b), as discussed above, requires the Board to issue a response to a prisoner's timely filed

petition for administrative review. A prisoner may then exercise the right to file an appeal with the Commonwealth Court.[1] Following this established procedure for appellate review, the Board's error presented itself in the Board's response to Appellant's petition for administrative review, and was properly before the Commonwealth Court for correction.[2] In my opinion, this review process is the appropriate vehicle for reviewing the Board's determinations. Therefore, I do not agree that the error in this case requires this Court to insert new language into Section 6138(a)(2.1) to require the Board to state in writing its specific reasons for denying credit at the time of the initial decision.

As a final matter, the Board may wish to revise its parole hearing report form to include two separate areas to check, one to determine if a parolee is automatically precluded from receiving credit for time spent at liberty on parole, and a second to state "yes" or "no" if the Board has discretion on whether it has granted credit for time served. Further, the Board certainly has the opportunity to indicate at the time it determines whether to award credit, the basis for exercising its discretion to deny credit.

---

[1] In the instant matter Appellant was advised of this procedure in the Board's "Notice of Decision" letter which stated the following.

> If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty [days] of this order. This request shall set forth specifically the factual and legal basis for the allegations. *See* 37 PA Code 73. You have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court.

Notice of Decision Letter, 11/22/13.

[2] The circumstances of this case illustrate the question of what constitutes an exercise of discretion was ambiguous. However, this Court's opinion clarifies that a complete failure to exercise statutory discretion is itself an abuse of discretion, and the Board, and the Commonwealth Court, are now informed that the Board must exercise its discretion pursuant to Subsection 6138(a)(2.1) in every case.

Nevertheless, imposing a requirement that the Board must now articulate a written reason in all cases is an extreme remedy, and outside the plain language of the statute.

Accordingly, I concur in part and dissent in part.

Justice Wecht joins this concurring and dissenting opinion.