## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kennan Easley,                              :
                                           :
                    Petitioner              :
                                           :
        v.                                 :  No. 2237 C.D. 2015
                                           :  Submitted: May 20, 2016
Pennsylvania Board of                      :
Probation and Parole,                      :
                                           :
                    Respondent             :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                           **FILED:  June 23, 2016**

Kennan Easley (Petitioner) petitions for review of a determination of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal of a Board order recommitting him as a convicted parole violator and recalculating his maximum sentence date to January 7, 2017.  For the following reasons, we affirm.

In 2011, Petitioner was sentenced to a term of 1 year and 6 months to 4 years of incarceration for Manufacture, Sale, Delivery or Possession with the Intent to Deliver a Controlled Substance.  (Certified Record (C.R.) at 1-3, 2011 Sentence Status Summary.)  The original maximum date for this sentence was May 8, 2014.  (*Id.*)  On February 27, 2012, Petitioner was released on parole.  (C.R. at 9, Order to Release on Parole.)  At the time of his release, Petitioner had 2 years, 2 months, and 11 days remaining on his original sentence.  (C.R. at 9, Order to

Release on Parole; C.R. at 53, Order to Recommit.) On December 11, 2013, Petitioner was arrested on new criminal charges of Manufacture, Sale, Delivery or Possession with the Intent to Deliver a Controlled Substance and Intentional Possession of a Controlled Substance by a Person not Registered. (C.R. at 19, Allegheny County Criminal Docket.) On March 25, 2015, Petitioner pled guilty to a misdemeanor charge of Intentional Possession of a Controlled Substance by a Person not Registered and was sentenced to serve three years of probation. (C.R. at 21, Allegheny County Criminal Docket.)

On May 12, 2015, Petitioner waived his right to a revocation hearing and admitted that he had been convicted of the offense of Intentional Possession of a Controlled Substance by a Person not Registered committed while he was on parole. (C.R. at 41, Waiver of Revocation Hearing and Counsel/Admission Form.) On June 23, 2015, the Board voted to revoke Petitioner's parole and to deny him credit for time at liberty on parole. (C.R. at 42-49, Revocation Hearing Report.) With respect to this latter issue, the Board checked "No" on the line of the Revocation Hearing Report that states "BOARD ONLY—Credit time spent at liberty on parole: [ ] No [ ] Yes (Excluded offenses on pg. 8)" and noted "No credit for time at Liberty," but gave no reason for this decision. (C.R. at 44, 49, Revocation Hearing Report.) By decision mailed August 4, 2015, the Board recommitted Petitioner as a convicted parole violator for the new conviction and recalculated his maximum sentence date to January 7, 2017. (C.R. at 51-52, Notice of Board Decision.) Petitioner filed a timely administrative appeal, in which he specifically objected to the denial of credit for time at liberty on parole and the Board's failure to exercise discretion under Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2.1). (C.R. at 55-59, Petitioner's

2

Administrative Remedies Form.) On October 16, 2015, the Board denied Petitioner's administrative appeal, ruling that "the fact that the Board chose to deny you credit for time at liberty on parole is not subject to appeal." (C.R. at 63-64, Board Decision.) Petitioner has timely appealed the Board's denial of his appeal to this Court.[1]

The only issue raised by Petitioner is the argument that the Board abused its discretion by summarily denying him credit for time at liberty on parole without any statement of its reasons for its decision not to exercise its discretion to grant credit under Section 6138(a)(2.1) of the Prisons and Parole Code. Section 6138(a)(2.1) of the Prisons and Parole Code provides the Board with discretion to award credit towards a convicted parole violator's maximum term expiration date for time spent at liberty on parole, except where the parolee falls within one of three disqualifying categories of convicted parole violators. 61 Pa. C.S. § 6138(a)(1)-(2.1). Under the prior version of Section 6138, recommitment without credit for time at liberty on parole was mandatory; this regime was altered on September 4, 2012, when the Act of July 5, 2012, P.L. 1050, No. 122, went into effect, adding language to Paragraph 2 and adding Paragraph 2.1 to Section 6138(a) of the Prisons and Parole Code. Section 6138(a) of the Prisons and Parole Code now provides in relevant part:

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or

---

[1] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

3

to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>
> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a)(1)-(2.1) (emphasis added). The disqualifying categories in Paragraph 2.1 that continue to require denial of credit do not apply here. The drug possession misdemeanor to which Petitioner pled guilty is not defined as a crime of violence or a crime requiring registration as a sex offender and there is no contention that Petitioner was recommitted under 61 Pa. C.S. § 6143.

This Court has addressed and rejected the argument raised by Petitioner in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016) (*en banc*). In *Pittman*, this Court held that the checking of the "No" box on the "[c]redit time spent at liberty on parole" line in its hearing

4

report "demonstrates that the Board exercised discretion in denying [inmate] credit for time he spent at liberty on parole," and concluded that "the Board was not required to issue a statement of reasons for its decision" to deny credit. 131 A.3d at 609-10, 616.

Petitioner acknowledges that *Pittman* is indistinguishable from this case, but urges this Court to reconsider *Pittman* and adopt the dissenting opinion in in that case. We decline to do so for two reasons. First, *Pittman* is an *en banc* opinion of this Court decided less than seven months ago and no change in the law has occurred. Second, Petitioner's claim that *Pittman* was wrongly decided can and likely will be resolved more definitively and efficiently without reconsideration by this Court, as the Pennsylvania Supreme Court will be hearing that question in the *Pittman* case itself. On May 23, 2016, the Pennsylvania Supreme Court granted allowance of appeal in *Pittman* to address the following question: "Did the Parole Board abuse its discretion by summarily denying petitioner credit against his maximum sentence for time that he spent at liberty on parole following his recommitment as a convicted parole violator?" *Pittman v. Pennsylvania Board of Probation and Parole*, __ A.3d __ (Pa., No. 90 MAL 2016, filed May 23, 2016). That is the same question that Petitioner raises here. Petitioner's arguments that *Pittman* should be overruled are more appropriately directed to the Pennsylvania Supreme Court by petition for allowance of appeal.

In accordance with the Court's *en banc* decision in *Pittman v. Pennsylvania Board of Probation and Parole*, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kennan Easley,                              :
                                           :
                    Petitioner              :
                                           :
           v.                               : No. 2237 C.D. 2015
                                           :
Pennsylvania Board of                       :
Probation and Parole,                       :
                                           :
                    Respondent              :

## ORDER

AND NOW, this 23rd day of June, 2016, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**