Robert GILLESPIE

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 15, 2005.

Decided Nov. 2, 2005.

. Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

John C. Della Rocca, Philadelphia, for appellee.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

The Department of Transportation, Bureau of Driver Licensing (Department), appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) that sustained the statutory appeal of Robert E. Gillespie from a one-year suspension of his operating privilege. In this case we consider whether the trial court abused its discretion by denying the Department's request to continue Gillespie's hearing. For the reasons set forth below, we vacate the trial court's order and remand the matter for a hearing on the Department's continuance request.

The facts in this case are not in dispute. On April 25, 2004, Gillespie refused to consent to chemical testing following his arrest for driving under the influence of alcohol. As a result of his refusal, the Department notified Gillespie that, pursuant to Section 1547 of the Vehicle Code (Implied Consent Law),[1] his driving privi-

---

**1.** It states that "[i]f any person placed under arrest for [driving under the influence of alco-

leges were being suspended for one year, effective June 22, 2004. Gillespie filed a timely statutory appeal from the one-year suspension.

Gillespie's case was originally listed for October 8, 2004. At the hearing, Gillespie requested a continuance, which PennDOT did not oppose. The trial court granted the continuance and relisted the case for February 4, 2005. At the inception of the rescheduled hearing, the Department requested a continuance because a necessary witness, Officer Dona Lindenmuth, was attending mandatory training and was unavailable to testify. Gillespie's counsel opposed the request. The trial court denied the continuance and explained to counsel that it continues cases only where the parties agree to the request.[2] Because the Department was unable to proceed with its case, the trial court sustained Gillespie's appeal and rescinded the license suspension. The Department's motion for reconsideration was subsequently denied, and this appeal followed.

■ On appeal, the Department argues that the trial court abused its discretion, or, more accurately, failed to exercise its discretion when it denied the request for a continuance based solely upon its standing policy that all parties must agree to the continuance. The Department contends that the trial court's policy is manifestly unreasonable. Gillespie counters that the policy is reasonable because it is intended to efficiently dispose of cases in a timely manner, and that the trial court did not abuse its discretion by adhering to the policy in this case.

■ The decision to grant or deny a continuance is exclusively within the discretion of the trial court, and this Court will not disturb the trial court's determination in the absence of an apparent abuse of discretion. *Commonwealth v. Lutz*, 152 Pa.Cmwlth. 377, 618 A.2d 1254, 1255 (1992). To decide whether discretion has been abused in this case, we must examine the very meaning of judicial discretion. This Court has had occasion to define this concept, and our observations are particularly relevant here:

> Judicial discretion, broadly defined, is the option which a judge may exercise either to do or not to do that which is proposed to him. As a guide to judicial action, it means a sound discretion exercised with due regard for what is right and equitable under the circumstances and under the law. Abuse of discretion is not merely an error of judgment; however, if, in reaching a conclusion, the law is overridden or misapplied, *or the judgment exercised is manifestly unreasonable* or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Korn*, 78 Pa.Cmwlth. 474, 467 A.2d 1203, 1205 (1983)(emphasis added).

■ Implicit in the concept of judicial discretion is the rendering of an informed decision between multiple courses of action—in this case, to grant or deny a continuance. In making such a decision the court must be guided by what is right and equitable under the circumstances and under the law. Blind adherence to an estab-

---

hol or controlled substance] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person ... for a period of 12 months." 75 Pa.C.S. § 1547(b)(1)(i).

2. The trial court judge stated "[t]hat's the way my court runs. Nothing gets continued unless it's by agreement. If you oppose it, you win." Notes of Testimony, 2/4/05, at 4 (N.T. ——); Reproduced Record at 14a (R.R. ——).

lished policy such as the one at issue here removes these considerations from the process. In other words, as the Department argues, the trial court did not exercise its discretion at all. It considered neither the merits of the Department's request nor whether Gillespie would be prejudiced by a continuance. Instead, it essentially delegated its decision-making function to the attorneys, or, more accurately, to Gillespie's attorney. We can think of no clearer example of an abuse of discretion than abdication of the judge's role to an interested party. The trial court's continuance policy, as well as the result of its application in this case, is manifestly unreasonable.

In its opinion *sur* appeal the trial court maintains that its policy is intended to effectively dispose of cases in a timely manner. Although this is certainly a laudable objective, we note that the trial court's policy seems more likely to frustrate that goal. For instance, attorneys appearing before this particular judge could theoretically delay a case *ad infinitum* by mutually agreeing to continue the matter. Even more troubling is the very real possibility, illustrated by this case, that the fair administration of justice will be sacrificed for the sake of efficiency. As

the Department points out, it is unlikely that an attorney representing a licensee in a statutory appeal would ever agree to a continuance, irrespective of the reason for the Department's request, since the inevitable result will be a decision in the licensee's favor if the Department is unable to proceed.[3] Just as licensee's counsel owes a duty of zealous representation to his or her client, so too the Department owes a duty to the citizens of this Commonwealth to enforce the sanctions contained in the Implied Consent Law. By refusing to consider the merits of the Department's request, the trial court frustrated the fair administration of justice and committed an abuse of discretion.

In sum, we find the trial court's policy of granting a continuance only upon agreement by the parties to be manifestly unreasonable. The court abused its discretion by establishing such a policy and by applying it in this case. Accordingly, we vacate the order of the trial court and remand this matter for a hearing on the Department's motion for a continuance. Jurisdiction is relinquished.[4]

## ORDER

AND NOW, this 2nd day of November, 2005, the order of the Court of Common

---

**3.** Although the Pennsylvania Rules of Civil Procedure are not applicable in statutory appeals, *Appeal of Borough of Churchill*, 525 Pa. 80, 88, 575 A.2d 550, 554 (1990), we are compelled to note that the trial court's policy conflicts with Pa. R.C.P. No. 216. Rule 216 states that the following are grounds for a continuance in a civil proceeding:

(1) Agreement of all parties or their attorneys, if approved by the Court;
(2) Illness of counsel of record, a material witness, or a party;
(3) Inability to subpoena or to take testimony of any material witness;
(4) Such special grounds as may be allowed in the discretion of the court; and
(5) Scheduling of counsel to appear at certain disciplinary enforcement proceedings.

Pa. R.C.P. No. 216(A). Under the trial court's policy, a party could seek a continuance on any one of the enumerated grounds, only to have its request automatically denied after opposing counsel lodges an objection.

**4.** Gillespie argues that, regardless of our decision on the propriety of the trial court's policy, we should affirm the result reached by the trial court in this case since the Department should have been aware in advance of the hearing that its police officer witness would be unavailable. We decline to affirm on other grounds. Gillespie's argument raises the precise issue that the trial court was obligated to consider as part of a review of the merits of the Department's request. As we indicated above, the trial court abused its discretion by refusing to exercise it at all.

Pleas of Philadelphia County, dated February 4, 2005, in the above-captioned matter is hereby vacated and the matter is remanded for a hearing on the Department's request for a continuance. Jurisdiction relinquished.