Rafael Avila,                         :
                    Petitioner       :
                                      :
              v.                      :
                                      :
Pennsylvania Board of                 :
Probation and Parole,                 :    No. 1350 C.D. 2015
                    Respondent        :    Submitted: April 29, 2016


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: August 19, 2016


        Rafael Avila (Avila), an inmate incarcerated at the State Correctional Institution at Graterford (SCI-Graterford), petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) June 29, 2015 order denying his petition for administrative review (Petition). The issues before this Court are as follows: 1) whether the Board abused its discretion by failing to determine whether Avila was entitled to credit for time he spent at liberty on parole; and (2) whether the Board improperly extended Avila's judicially-imposed sentence. After review, we affirm.

        On October 4, 2013, the Board granted Avila parole from a 3 to 6 year sentence for Persons Not to Possess or Use Firearms, and a 3 to 6 year concurrent sentence for Firearm Not to Be Carried Without a License (Original Sentence). On January 2, 2014, Avila signed his Conditions Governing Parole/Reparole (conditional parole) that specifically advised:

> If you are convicted of a crime committed while on parole/reparole and, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 13.

Avila was released on parole on January 2, 2014 and transferred to Kintock Erie halfway house (Kintock). At that time, his maximum sentence release date was January 5, 2016, leaving 733 days remaining to be served on his Original Sentence. On May 2, 2014, Avila was released from Kintock.

On May 22, 2014, the Philadelphia Police Department arrested Avila for Criminal Conspiracy and Drug Charges (New Charges). On May 23, 2014, Avila was placed in a county prison and bail was set. Avila did not post bail. On that same date, the Board authorized a warrant to commit and detain Avila. On November 21, 2014, Avila pled guilty to the New Charges and was sentenced to 11½ to 23 months incarceration, followed by 4 years of probation (New Sentence). On March 16, 2015, the Board provided Avila with a notice of charges and its intention to hold a revocation hearing. On March 17, 2016, Avila waived his right to the revocation hearing and admitted to his conviction on the New Charges.

On April 9, 2015 and April 27, 2015, respectively, a Board Examiner and a Board Member voted to recommit Avila as a convicted parole violator (CPV) to serve 6 months incarceration and denied him credit for the time he spent while at liberty on parole. On May 13, 2015, Avila returned to SCI-Graterford to serve 6 months backtime. By order recorded May 14, 2015, the Board determined Avila's new maximum sentence release date to be May 15, 2017 by adding the 733 days remaining on his Original Sentence to the date Avila was returned to SCI-Graterford.

On June 10, 2015, Avila filed his Petition, claiming in pertinent part:

2. . . . On January 2, 2014, the Department of Correction, according to the record, then transferred [Avila] to [Kintock] to make parole. Five months later, on May 2, 2014, [Avila] was paroled from [Kintock] after serving approximately four [] years, five [] months and [three] days. Therefore, it is apparent that [Avila]'s backtime owed was approximately one [] year, six [] months and twenty-nine days, and not two years as rendered by the Board's decision on May 28, 2015. The in custody records bear witness to this conclusion.

3. Twenty days later, on May 22, 2014, [Avila] was arrested on new criminal charges. On that same day, the [Board] according to the record, lodged a detainer on [Avila] which remained in place until May 13, 2015.

4. With that said, [Avila] respectfully asserts that where a detainer has been lodged against parolee who has been arrested on another charge, credit for such periods of confinement must be applied to the original sentence and not to any new sentence subsequently merited out of following conviction. Since the parolee being held on a detainer is in the custody of the [B]oard, [Avila] was no longer incarcerated for the offense or offenses for which said sentence is imposed. . . .

C.R. at 66-67. Without holding a hearing, the Board responded to Avila, stating:

When you were released on parole from your [O]riginal [S]entence on January 2, 2014, your maximum sentence date was January 5, 2016, which left 733 days remaining to serve on your [O]riginal [S]entence. While on parole, you were arrested and placed into SCI-Graterford on May 13, 2015 for possible parole violation. The Board lodged its warrant to commit and detain you on May 23, 2014 due to violation of your parole. You were arrested on May 22, 2014 by the Philadelphia Police Department of Philadelphia County . . . and convicted on November 21, 2014. You were released to Pennsylvania authorities on May 13, 2015 and placed in SCI-Graterford in 'parole violator pending'

3

status. The Board decision recorded May 14, 2015 recommitted you as a [CPV].

With the above facts in mind, as a [CPV] you automatically forfeited credit for all of the time that you spent on parole. *See* 61 P.[a.C.]S. § 6138 (a)(2). You are not entitled to a back[]time served credit (i.e. time that you were held solely on the Board's warrant prior to your recommitment order) because you were never incarcerated <u>solely</u> on the Board's warrant. *See Gaito v. Pa B[d.] of Prob[. &] Parole*, 412 A.2d 568 (Pa. 1980). In your case, you remained incarcerated at your new docket so you are not entitled to credit at your parole number for the same period. You became available to begin serving your back[]time on May 13, 2015 when you were paroled and released by Philadelphia County to Pennsylvania authorities. Adding 733 days . . . to May 13, 2015 yields a new parole violation maximum date of May 15, 2017. Therefore, your parole violation maximum sentence date is correct.

C.R. at 70. On June 29, 2015, the Board denied Avila's Petition and affirmed his recommitment as a CPV. Avila appealed to this Court.[1]

Avila asserts that the Board abused its discretion by "automatically" denying him credit for the time he spent at liberty on parole.

Section 6138(a) of the Parole Code states, in relevant part:

**Convicted violators.**--

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

---

[1] "Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence." *Pittman v. Pa. Bd. of Prob. & Parole*, 131 A.3d 604, 607 n.5 (Pa. Cmwlth.), *appeal granted*, ___ A.3d ___ (Pa. 56 MAP 2016, filed May 23, 2016).

4

(2) **If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and**, except as provided under paragraph (2.1), **shall be given no credit for the time at liberty on parole**.

(2.1) **The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole**, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [Section 9714(g) of the Sentencing Code,] 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

> (ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code] (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. § 6138(a) (text emphasis added).

> Hence, the Board's exercise of discretion under [S]ection 6138(a) of the Parole Code is two-fold. First, the Board must determine whether to recommit a parole violator. Second, when recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term, but **the Board may, in its discretion, award the parolee credit.**

*Pittman v. Pa. Bd. of Prob. & Parole,* 131 A.3d 604, 609 (Pa. Cmwlth.) (emphasis added)*, appeal granted*, ___ A.3d ___ (Pa. 56 MAP 2016, filed May 23, 2016).

This Court has held that where the Board has been presented with the choice to award a parolee street time[2] credit, the Board exercises its discretion by checking the "no" box on the hearing report. *Pittman*. This Court explained:

---

[2] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

> Based upon its plain language, there are no statutory standards in [S]ection 6138(a)(2.1) of the Parole Code that define or curtail how, when, or in what manner discretion should or must be exercised. It is well-settled that this Court cannot supply such guideposts as a matter of judicial construction. *Commonwealth v. Rieck Inv*[.] *Corp.,* . . . 213 A.2d 277, 282 ([Pa.] 1965) ('[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include.'). Ultimately, the absence of statutory standards further supports the conclusion that the Board's checking of 'no' on the hearing report demonstrates that the Board fully exercised the discretion that the legislature afforded to it under [S]ection 6138 of the Parole Code. Therefore, [the] argument that the Board failed to exercise discretion is refuted by the record and the statutory language and scheme contained in [S]ection 6138 of the Parole Code.

*Pittman*, 131 A.3d at 611 (footnote omitted).

Here, the Board checked the "no" box on Avila's hearing report. *See* C.R. at 55. Thus, the Board exercised its discretion when it determined that Avila was not entitled to credit for his time at liberty on parole. Accordingly, the Board did not abuse its discretion.

Moreover, as in *Pittman*, we here hold that Avila's reliance on *Gillespie v. Department of Transportation, Bureau of Driver Licensing*, 886 A.2d 317 (Pa. Cmwlth. 2005) is misplaced. The *Pittman* Court explained:

> [In *Gillespie*], we concluded that the trial court failed to exercise discretion when ruling on the [Department of Transportation's (Department)] request for a continuance. We initially reiterated that judicial discretion 'broadly defined, is the option which a judge may exercise either to do or not to do that which is proposed to him.' [*Id.*] at 319 (citation omitted). After noting the trial court's '[b]lind adherence to an established policy,' this Court determined that the trial court 'did not exercise its discretion at all.' *Id.* at 319–20. . . .
>
> . . . .

6

> Unlike the trial court in *Gillespie,* the Board here did not 'punt' away its duty to exercise discretion in rendering its decision. Instead, the Board was presented with a choice and affirmatively chose to deny Pittman credit. In completing the hearing report, the Board exercised discretion in deciding 'either to do or not do that which is proposed to [it],' *id.* at 319, under [S]ection 6138(a)(2.1) of the Parole Code. Notably, Pennsylvania law presumes that the Board acted lawfully and utilized its discretion in good faith, *see Office of Governor v. Donahue, . . .* 98 A.3d 1223, 1239 ([Pa.] 2014), and Pittman does not contend otherwise. Therefore, because the record establishes that the Board exercised discretion, *Gillespie* is clearly distinguishable on its facts.

*Pittman*, 131 A.3d at 611-12.

Avila also argues that the Board should have exercised its discretion to award him backtime credit because his New Charges did not involve a crime of violence or require Avila to register as a sex offender. The language in Section 6138(a)(2.1) of the Parole Code specifically permits the Board to **exercise its discretion** to grant credit for time at liberty on parole **unless** the crime committed while on parole is a crime of violence or a crime requiring sexual offender registration. However, the Parole Code does not **require** the Board to grant such credit in the absence of those offenses. Thus, Avila is not entitled to credit for time at liberty on parole **solely** because his New Charges to which he plead guilty did not involve a crime of violence or require him to register as a sex offender.

Next, Avila contends that the Board erred by extending his maximum sentence release date from January 5, 2016 to May 15, 2017. Specifically, Avila argues that the Board may not recalculate or alter a judicially-imposed sentence.

This Court recognizes that "[t]he Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (quoting *Savage v. Pa. Bd. of Prob. & Parole*, 761

7

A.2d 643, 645 (Pa. Cmwlth. 2000)). However, "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing." *Richards v. Pa. Bd. of Prob. & Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011). The Pennsylvania Supreme Court has specifically held that the Board's authority to extend maximum term expiration dates under such circumstances does not usurp the courts' sentencing functions, or violate a parolee's due process rights. *Gaito*.[3] Thus, the Board acted in accordance with the law when it recalculated Avila's maximum sentence release date.

In recalculating his release date, the law is well-established that:

> [I]f a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. **If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.**

*Id.* at 571 (bold emphasis added). Further, this Court recently stated:

---

[3] The Parole Code was consolidated and became effective on October 13, 2009. *Gaito* was based upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. Section 21.1(a) of the Parole Act similarly stated:

> Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, **he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole** . . . .

(Emphasis added).

8

> Section 6138(a)(4) of the [Parole] Code provides: 'The period of time for which a parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.' 61 Pa.C.S. § 6138(a)(4). . . . '[**O**]**nce a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied, must be applied to the new sentence, and not to the original sentence.**' *Armbruster v. Pa. Bd. of Prob. & Parole,* 919 A.2d 348, 352 (Pa. Cmwlth. 2007).

*Palmer v. Pa. Bd. of Prob. & Parole,* 134 A.3d 160, 166 (Pa. Cmwlth. 2016) (emphasis added).

Because Avila was incarcerated in the Philadelphia County prison beginning on May 23, 2014 on both the New Charges and the Board's detainer, he was not under the Board's sole custody during this time. Moreover, Avila did not satisfy the bail requirements on his New Charges. Therefore, the Board properly concluded that the time Avila spent in custody must be credited to Avila's New Sentence rather than his Original Sentence.

In sum, when Avila was paroled on January 2, 2014, he had 733 days remaining to be served on his Original Sentence. While on parole, Avila committed a crime for which he pled guilty. He was not credited for any time served because he was not detained solely on the Board's warrant. On May 13, 2015, Avila was returned to SCI-Graterford to begin serving the remainder of his Original Sentence without credit for any of the time he was on parole as denoted by the "no" box being checked on the hearing report. By adding the 733 days remaining on his Original Sentence to May 13, 2015, the Board properly recalculated Avila's maximum sentence release date to May 15, 2017. *See* C.R. at 55. Thus, the Board properly extended Avila's maximum sentence release date from May 13, 2015 to May 15, 2017.

9

For all the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rafael Avila,                                       :
                             Petitioner             :
                                                    :
               v.                                   :
                                                    :
Pennsylvania Board of                               :
Probation and Parole,                               :     No. 1350 C.D. 2015
                             Respondent             :


## O R D E R


AND NOW, this 19th day of August, 2016, the Pennsylvania Board of Probation and Parole's June 29, 2015 order is affirmed.


_____
ANNE E. COVEY, Judge