# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Centre County Tax Claim Bureau, : 
                Appellant :

                                 :

          v. :

                                 : No. 1670 C.D. 2018

Harry Hamilton Living Trust : Submitted: June 28, 2019

BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                FILED: October 30, 2019

Centre County Tax Claim Bureau (Bureau) appeals the August 7, 2018 order of the Court of Common Pleas of Centre County (trial court) setting aside the 2017 tax sale of property, tax parcel number 19-022-101-0000, held by Harry Hamilton Living Trust (Trust), for unpaid real estate taxes. Upon review, we affirm.

On September 27, 2017, the Bureau sold the property at a tax sale for $15,664.60. Reproduced Record (R.R.) 9a & 137a. On November 22, 2017, the Bureau filed a consolidated return of tax sale as required by Section 607(a) of the Real Estate Tax Sale Law (RETSL), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.607(a) (providing that "[i]t shall be the duty of the bureau, no later than sixty (60) days after a sale was held, to make a consolidated return to the court of common

pleas of the county").[1] R.R. 1a. The trial court, upon review of the Bureau's filing, concluded that the sale had been "regularly conducted" pursuant to the provisions of the RETSL and confirmed the sale *nisi*. *Id*. 43a. The trial court in its order further provided that "[u]nless objections or exceptions are filed within thirty (30) days after the date of Return, said Return is to be confirmed absolute." *Id*.

On December 20, 2017, Harry Hamilton (Hamilton), proceeding *pro se* on behalf of himself and as trustee for the Trust, filed a timely "Objection or Exception Preliminarily and Permanent [sic] to the Tax Sale of Deeded Property. . . " (Objection) asking the trial court to void, set aside or disallow the tax sale or to be afforded an "extension of time to adequately obtain due process and equal protection to comply with a payment plan or file objections." R.R. 44a-46a. In his Objection, Hamilton asserted that the Bureau "deprived" him, as trustee, and the Trust of the trial court's "determination concerning a stay entered prior to the tax sale in 2016 when Hamilton understood that a tax sale was stayed pending litigation." Objection ¶ 4. The stay that Hamilton referenced was entered by the trial court in Hamilton's divorce proceeding and provided:

> AND NOW, September 15, 2016, the property in College Township, Centre County, Pennsylvania . . . listed in the name of [Trust], *being the subject of divorce proceedings in this court*, the tax sale of said property scheduled for September 21, 2016, at 10:00 a.m. is stayed.

---

[1] The 2017 tax sale involved claims for taxes for the 2012 tax year. The record does not indicate what tax year was at issue in the 2016 sale. Consolidated Return of the Tax Claim Bureau of Centre County ¶ 3; *see id*., Ex. A, p.2.

Trial Court Order dated 9/15/16; R.R. 96a (emphasis added).[2]  Hamilton further asserted in his Objection that the Bureau's law firm directed the Bureau to go through with the 2017 tax sale and "has further directed notice depriving Hamilton of due process."[3]  Objection ¶ 4.  Hamilton finally averred that neither he nor the Trust was "afforded time to comply with the tax sale payment plan."[4]  *Id*. ¶ 7.

Subsequently, the Bureau filed a motion requesting that the trial court schedule a hearing to determine the merits of Hamilton's Objection.  R.R. 69a-73a.  The trial court granted the Bureau's request and by order dated August 1, 2018, scheduled argument to occur six days later on August 7, 2018.  *Id*. 79a.  Upon receipt of the trial court's scheduling order, the Bureau's counsel submitted a continuance request.  *Id*. 103a.  On the day of the hearing, the trial court denied the continuance request and the Bureau sent alternate counsel to the hearing.  *Id*. 103a & 134a.  At the hearing, the trial court judge inquired with the Bureau as to why the Bureau "just ignored my [September 15, 2016] [o]rder staying the sale?"[5]  *Id*. 140a-41a.  The Bureau's counsel responded that he did not believe the Bureau ignored the order but perhaps "interpreted [the] [o]rder differently than what's proper or perhaps how the

---

[2] We note that the Hamilton's divorce proceeding was also before the Centre County Court of Common Pleas.  However, the trial court judge that entered the order confirming the tax sale *nisi* was not the same judge that entered the stay.  R.R. 42a, 96a & 104a.

[3] Hamilton's Objection does not provide any additional detail.  At the hearing on the matter, Hamilton appeared to attempt to raise a notice issue.  Hamilton explained that the deed lists Harry Hamilton and the Trust as owners but that notice was sent only to the living trust at a Wilkes-Barre address, located in another county, and not to Harry Hamilton at his address.  R.R. 145a-46a.

[4] No additional detail was provided regarding the alleged payment plan and Hamilton did not, at any point during the hearing or before this Court, further develop this issue.

[5] The September 15, 2016 order was entered by the same judge that conducted the hearing and entered the August 7, 2018 order that this Court is reviewing.  R.R. 96a & 104a.

3

[c]ourt interprets it." *Id*. 141a. The Bureau indicated that it believed the order only stayed the tax sale for September 21, 2016 and that the 2017 sale was never stayed. *Id*.

> AND NOW, August 7, 2018, this Court having entered an Order on September 15, 2016, staying the tax sale of the subject property, which has [sic] been scheduled for September 21, 2016, *but having not foreseen that the tax claim bureau would go ahead and sell the property the following year, notwithstanding the continued litigation, and for the further reason that the subject property is part of an ongoing divorce proceeding*, which may never end, *but in which [Hamilton's spouse] has a vested interest which has been harmed by the sale of the property*, it's hereby ordered that the tax sale of the property in College Township, Centre County, Pennsylvania, Number 19-022-101-000, is set aside.
> . . . .
> The previous stay shall remain in effect until further Order of this Court pending a final resolution of this matter by the appellate courts of Pennsylvania.

Trial Court Order dated 8/7/18 (emphasis added); R.R. 104a. The Bureau filed an appeal with this Court.[6] The trial court directed the Bureau to file its statement of errors complained of on appeal. In its statement, the Bureau raised the following four issues:

---

[6] We note that Hamilton also filed an appeal with this Court at No. 1669 C.D. 2018 challenging the trial court's August 7, 2018 order. *See* Hamilton Notice of Appeal docketed 9/14/18. But, Hamilton failed to file a brief to support his appeal or address the Bureau's arguments as ordered by this Court; therefore, this Court dismissed his appeal and precluded him from participating in the present matter at *Centre Ctr. Tax Claim Bureau v. Harry Hamilton Living Trust* (Pa. Cmwlth., No. 1669 C.D. 2018, 9/17/19 & 6/21/19).

4

[1] The order upon which the Court concluded that the 2017 upset sale had been stayed applied only to the 2016 upset sale, not any future such sales.

[2] The stay from the divorce matter appearing at docket number 04-2534 did not apply to the Bureau and relevant taxing authorities, which were not participants in the divorce matter, were not served with process in that matter, and were not asked or allowed to participate in that matter before the order was issued.

[3] The Bureau's continuance request dated August 1, 2018, was appropriate and should have been granted because (1) the Bureau received a mere one week's notice of the hearing on August 7, 2018, (2) the Bureau's counsel was unavailable for a hearing on August 7, 2018, and (3) the [c]ourt initially communicated to the Bureau's counsel that the continuance request was granted.

[4] The Bureau was not required to provide notice of the 2017 upset sale to [Hamilton's spouse] because Mr. Hamilton, the trustee of the [Trust], received proper notice of the sale.

R.R. 127a-28a. Subsequently, the trial court entered its Rule 1925(a) statement. Pa.R.A.P. 1925(a); Trial Court 1925(a) Statement dated 10/4/18; R.R. 131a. In its statement, the trial court explained, "[w]e rely on our [o]rder of August 7, 2018." *Id*. ¶ 1. The trial court further explained with respect to its denial of the continuance request:

> The undersigned is a Senior Judge who visits Centre County only periodically. This matter was scheduled on a day when we were scheduled to be in Centre County and the suggestion that a firm the size of [the Bureau's counsel's firm] was unable to send a qualified representative to the hearing is surprising. Moreover, the Bureau was given the opportunity to present its case and this [c]ourt was well aware of the position of the Bureau.

5

1925(a) Statement ¶ 2. We now address the arguments raised by the Bureau.[7]

First, the Bureau contends that the trial court erred by setting aside the 2017 tax upset sale because the stay entered in Hamilton's divorce proceeding applied only to the tax sale scheduled for September 21, 2016. Bureau's Brief at 12. In support, the Bureau asserts that "all parties involved should have interpreted the September 15, 2016 [order] pursuant to its plain language, which unambiguously stayed only the September 21, 2016 tax sale." *Id.* The Bureau relies on the language in the September 15, 2016 order providing that "the tax sale of said property scheduled for September 21, 2016, at 10:00 a.m. is stayed." Trial Court Order dated 9/15/16; R.R. 96a. We disagree.

The trial court did not abuse its discretion when it interpreted its own order as applying to the sale of the property generally, essentially concluding that reference to the September 21, 2016 date simply identified the date of the then-scheduled sale but did not limit the stay to that particular date. Though the order explicitly referenced the specific date of the 2016 tax sale, the matter which caused the trial court to impose the stay was the sale of the property, generally, as the property was the subject of ongoing divorce proceedings. By explaining in the order that the property is already subject to other proceedings "in this court" the trial court judge indicated his intent to stay *any* sale of the property pending the outcome of those other proceedings. It was the sale itself that was at issue, not the particular date. Indeed, we note that generally when only a particular date is the issue, a court will usually continue the matter, as opposed to staying the matter. *Compare* Continuance, Black's

[7] "Our review in tax sale cases is 'limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence.'" *In re Consol. Reports and Return by the Tax Claims Bureau of Northumberland Cty. of Props.*, 132 A.3d 637, 643 n.12 (Pa. Cmwlth. 2016).

Law Dictionary 400 (11th ed. 2019) (defining continuance as "[t]he adjournment or postponement of a trial or other proceeding to a future date") with Stay, Black's Law Dictionary at 1709 (defining stay as "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding[]").  As the stated purpose of the order was to stay the sale of the property due to the property being the subject of a divorce proceeding, the trial court did not err or abuse its discretion in concluding that the order was not merely continuing the date and time of the tax sale.  *See Radio Corp. of Am. v. Rotman*, 192 A.2d 655, 657 (Pa. 1963) (explaining that a court under appropriate circumstances may stay its jurisdiction pending the outcome of proceedings in another matter).  As the stay related to the 2017 tax sale, the trial court did not err in setting aside the tax sale, as the sale was in violation of an existing court order.  Section 607(d) & (e) of the RETSL, 72 P.S. § 5860.607 (d) & (e) (objections to a tax sale may question the legality of the bureau's proceedings in respect to such sale and if the trial court sustains an objection it "shall, by its order or decree, invalidate the sale and order another sale to be held in conformity with this act at such time and under such conditions as it shall fix."); *see also City of Easton v. Marra*, 862 A.2d 170, 172-73 (Pa. Cmwlth. 2004) (upholding court order to stay tax sale pursuant to the act known as the Municipal Claims and Tax Liens Act, Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7455, when the properties were subject to divorce proceeding but the parties had not agreed to a property settlement and the sale would disrupt the orderly distribution of the estate).

The Bureau nevertheless contends that the trial court's August 7, 2018 order is too broad because it cannot enter an order to exceed one year and, in support, relies on Section 601(c) of the RETSL, 72 P.S. § 5860.601(c) (providing that the taxing authorities of the county and of any political subdivision in the county "may

jointly petition the court of common pleas" to stay the sale of property and, if after hearing, in the court's opinion there are sufficient reasons for such stay, "the court shall have jurisdiction and power to enter an order staying such sale for any period not exceeding one year"). Bureau's Brief at 12-13. But, the Bureau did not raise this issue in its statement of errors complained of on appeal and, therefore, the Bureau waived this issue for our consideration. Pa.R.A.P. 1925(b)(4)(vii) (providing "[i]ssues not included in the [s]tatement and/or not raised in accordance with the provisions [governing requirements] are waived").

The Bureau also complains that the September 15, 2016 order staying the 2016 tax sale entered in the divorce proceedings "was entered without any notification to the Bureau and relevant taxing authorities, and without the Bureau having the opportunity to participate and/or intervene in the proceedings in order to protect its interest in the subject property." Bureau's Brief at 13. But, the Bureau conceded that "upon learning of the stay" it "abided by the order and removed the Trust's property from the 2016 tax upset sale." *Id*. at 9. The Bureau cannot now complain that it did not have notice or an opportunity to protect its interest in the property when it did, in fact, have notice of the trial court's September 15, 2016 order imposing the stay, and removed the property from the 2016 sale which was scheduled six days after the date of the court's order.

The Bureau further argues that the trial court erred by entering the August 7, 2018 order because a tax sale cannot be stayed "indefinitely" without the trial court adequately protecting the substantive rights of the secured creditor in the property that is subject to the lien. Bureau's Brief at 13-14. But, the Bureau did not raise this issue in its statement of errors complained of on appeal, and therefore, the Bureau waived this issue for our consideration. *See* Pa.R.A.P. 1925(b)(4)(vii).

8

Lastly, the Bureau argues that the trial court abused its discretion by denying the Bureau's continuance request. Bureau's Brief at 15. "The decision to grant or deny a continuance is exclusively within the discretion of the trial court, and this Court will not disturb the trial court's determination in the absence of an apparent abuse of discretion." *Gillespie v. Dep't of Transp., Bureau of Driver Licensing*, 886 A.2d 317, 319 (Pa. Cmwlth. 2005). To decide whether the trial court abused its discretion, we consider the meaning of judicial discretion:

> Judicial discretion, broadly defined, is the option which a judge may exercise either to do or not to do that which is proposed to him. As a guide to judicial action, it means a sound discretion exercised with due regard for what is right and equitable under the circumstances and under the law. Abuse of discretion is not merely an error of judgment; however, if, in reaching a conclusion, the law is overridden or misapplied, *or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record*, discretion is abused.

*Id*. (emphasis added). Implicit in the concept of judicial discretion is "the rendering of an informed decision between multiple courses of action," which in this case is the decision to grant or deny a continuance. *Id*.

The Bureau asserts that the trial court abused its discretion when it denied its request for a continuance because its decision was not based on an "informed decision between multiple courses of action" but, instead, "the [t]rial court blindly adhered to its policy of filling up at least have [sic] a day in order to get paid." Bureau's Brief at 18. But, the record reflects the contrary. The trial court judge explained in his 1925(a) Statement that he denied the Bureau's request for a continuance because he "visits Centre County only periodically", and the hearing was scheduled on a day that he was "to be in Centre County." *See* 1925(a) Statement ¶ 2;

9

R.R. 131a.  Additionally, the trial court judge noted that the Bureau's counsel was a firm, the size of which he felt could, and did in fact, send an attorney to handle the matter.  Further, the trial court judge explained that he "was well aware" of the Bureau's position and gave the Bureau an opportunity to present its case.  *Id*.  Though the trial court judge indicated, at the hearing, that he tried to fill up his day so that he could get paid for "at least a half a day" given the new rules from the Supreme Court, R.R. 140a, the Bureau fails to show how it was harmed by the trial court's failure to grant its request.

The record shows that the trial court understood the Bureau's position. At the hearing, the trial court judge asked the Bureau's counsel, "I have been wondering about this, why you all have just ignored my [September 15, 2016] [o]rder staying the sale?"  R.R. 140a-41a.  After giving Bureau counsel a chance to respond, the judge stated, "I just stayed the [tax sale scheduled for] September 2[1], 2016, but not anything else?" and the Bureau responded, "Correct. And this tax sale occurred in 2017, September there, and that sale was never stayed as far as we were aware of." *Id*. 141a.  The trial court judge ultimately disagreed with the Bureau's interpretation of the trial court's September 15, 2016 order imposing the stay, and the Bureau provides no explanation as to how obtaining a continuance would have changed this outcome. *Cf. Gillespie*, 886 A.2d at 319 (explaining that the trial court's ruling opposing a party's continuance request, based on the opposing party's objection, resulted in the party losing the appeal because it could not present its case due to the unavailability of a necessary witness).  The Bureau has failed to show how the trial court judge's exercise of its discretion denying its request for a continuance was "manifestly unreasonable" or the result of "partiality, prejudice, bias or ill will, as

10

shown by the evidence."  As a result, we will not disturb the trial court's determination.[8]

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] We need not reach the Bureau's fourth issue relating to notice to Hamilton's spouse, Bureau Brief at 18-19, because we are affirming the trial court's August 7, 2018 order setting aside the tax sale.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Centre County Tax Claim Bureau,     :
              Appellant     :
                              :
            v.                :
                              :    No. 1670 C.D. 2018
Harry Hamilton Living Trust       :

## O R D E R

AND NOW, this 30th day of October, 2019, the August 7, 2018 order of the Court of Common Pleas of Centre County setting aside the tax sale of the property is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge