IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia            :
                                    :
        v.                        :
                                    :
                                    :
Snitow & Snitow Profit PA,   :   No. 51 C.D. 2020
            Appellant     :   Argued: June 10, 2021

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: July 8, 2021

Snitow & Snitow Profit PA (Snitow) appeals the December 3, 2019 order of the Court of Common Pleas of Philadelphia County (trial court) entitled Final Order to Comply Violations (December 3, 2019 Order) that imposed a statutory fine in favor of the City of Philadelphia (City) for Snitow's failure to comply with the requirements of The Philadelphia Building Construction and Occupancy Code, Title 4 of the Philadelphia Code of General Ordinances (Code), regarding illegally parked vehicles at its property located at 3020 Frankford Avenue, Philadelphia, Pennsylvania (Property). Upon review, we vacate the December 3, 2019 Order and remand the matter to the trial court for further proceedings.

## I. Background and Procedural History

The Property is a lot owned by Snitow and occupied by commercial tenants. *See* Motion for Reconsideration of December 3, 2019 Order dated December 13, 2019 (Motion for Reconsideration) at 1-2, ¶ 2, Reproduced Record (R.R.) at 57-58.[1] On January 29, 2019, the City's Department of Licenses and Inspections (Department) issued an Initial Notice of Violation and Order indicating that the Department had inspected the Property on January 26, 2019, and discovered a Code violation pertaining to vehicles parked on the Property for which Snitow did not have a proper use registration permit. *See* Initial Notice of Violation and Order, Case No. 671815, dated January 29, 2019 (Initial Violation Notice) at 1-2, R.R. at 40-41. The Initial Violation Notice explained that Snitow needed to obtain proper zoning approval to allow its tenant, Faith Auto Sales, to park vehicles on the Property. *See* Initial Violation Notice at 1-2, R.R. at 40-41. The Initial Violation Notice further explained that a failure to correct the listed violation would result in, among other penalties, the imposition of fines ranging from $150 to $2,000 for each day that the violation remained uncorrected. *See* Initial Violation Notice at 2, R.R. at 41. The Initial Violation Notice indicated that an appeal must be taken within 30 days; however, Snitow did not appeal from the Initial Violation Notice. *See* Initial Violation Notice at 2, R.R. at 41.

On April 4, 2019, the Department issued a Final Warning indicating that the Department had re-inspected the Property on April 3, 2019 and found that Snitow had not corrected the violation listed in the Initial Violation Notice. *See* Final Warning, Case No. 671815, dated April 4, 2019 (Final Warning) at 1-2, R.R.

---

[1] We note that the filed reproduced record does not comply with Pennsylvania Rule of Appellate Procedure 2173, which requires pages be separately numbered with Arabic figures followed by a small "a." *See* Pa.R.A.P. 2173.

at 43-44.  The Final Warning again noted the possible fees and penalties Snitow faced for noncompliance, including the imposition of daily fines ranging from $150 to $2,000.  *See* Final Warning at 1-2, R.R. at 43-44.

On July 22, 2019, the City filed its Complaint against Snitow.  *See* Complaint, R.R. at 25-44.  On July 30, 2019, the trial court issued a Rule scheduling the matter to be heard on September 26, 2019.  *See* Rule dated July 30, 2019, R.R. at 45.  On September 26, 2019, the trial court granted Snitow a continuance that rescheduled the matter to be heard on December 3, 2019.  *See* Order to Continue dated September 26, 2019 (Order to Continue), R.R. at 46.  Snitow's principal, attorney Howard Snitow, accepted service of the Order to Continue on Snitow's behalf at the bar of the trial court on September 26, 2019.  *See* Order to Continue, R.R. at 46.

On the afternoon of December 2, 2019, the day before the scheduled hearing, newly retained counsel entered an appearance in the trial court on behalf of Snitow.  *See* Entry of Appearance dated December 2, 2019, R.R. at 47.  Later that afternoon, at 4:40 p.m., Snitow's counsel filed a Motion for Extraordinary Relief seeking a continuance of the scheduled December 3, 2019 hearing.  *See* Motion for Extraordinary Relief dated December 2, 2019 (Motion for Extraordinary Relief), R.R. at 48-51.  The Motion for Extraordinary Relief explained that counsel had been retained on November 27, 2019, entered an appearance on December 2, 2019, and expected to file an answer to the Complaint by the close of business on December 5, 2019.  *See* Motion for Extraordinary Relief at 2 (pagination supplied), R.R. at 49.  The Motion for Extraordinary Relief further explained that counsel was not available to appear the following day at the scheduled December 3, 2019 hearing due to pre-planned travel, proof of which travel was attached as exhibits to the Motion for

3

Extraordinary Relief.  *See* Motion for Extraordinary Relief at 2-4, R.R. at 49-51. Finally, the Motion for Extraordinary Relief alleged that Snitow had submitted an application for zoning approval in September 2019 and had further requested that its tenant remove the offending vehicles from the Property.  *See* Motion for Extraordinary Relief at 2, R.R. at 49.  The Motion for Extraordinary Relief did not request a particular date to reschedule the hearing.  *See* Motion for Extraordinary Relief at 1-2, R.R. at 48-49.

The trial court conducted the scheduled hearing on December 3, 2019. *See* Notes of Testimony, December 3, 2019 (N.T.), R.R. at 14-24; *see also* City's Hearing Exhibits, R.R. at 52-56.  The trial court noted at the outset of the hearing that Snitow's counsel had called the court from the airport at 8:30 that morning seeking a continuance, which request, the trial court stated, counsel apparently assumed would be granted.  *See* N.T. at 3, R.R. at 16.[2]  Counsel for the City objected to a continuance, however, arguing that this was a second listing for the hearing, that Snitow's principal, an attorney, had accepted service of the hearing notice, including the rescheduled date, at the bar of the trial court on September 26, 2019, and further, that Snitow had done nothing to bring the use of the Property into compliance with the Code.  *See* N.T. at 3, R.R. at 16.  The trial court denied the continuance request and conducted the hearing as scheduled in the absence of Snitow or its counsel.[3]  *See*

---

[2] The trial court appears to have thought that Snitow, and not Snitow's attorney, telephoned the trial court from the airport and requested a continuance on the morning of December 2, 2019. *See* Notes of Testimony, December 3, 2019 (N.T.) at 3, R.R. at 16.  We note, however, that Snitow's counsel was traveling and telephoned the trial court on the morning of December 2, 2019. *See* Motion for Extraordinary Relief dated December 2, 2019 (Motion for Extraordinary Relief), R.R. at 48-51; *see also* Motion for Reconsideration filed December 13, 2019 (Motion for Reconsideration) at 2 (pagination supplied), R.R. at 58.

[3] In denying the continuance request, the trial court stated as follows:

N.T. at 3-4, R.R. at 16-17. The City presented the testimony of its inspector, copies of the Initial Violation Notice and the Final Warning, and a photograph that depicted the offending vehicles parked on the Property. *See* N.T. at 5-9 & City's Hearing Exhibits, R.R. at 18-22 & 52-56.

At the conclusion of the hearing, the trial court entered the December 3, 2019 Order finding that Snitow had neither appealed nor remedied the violations of which the City had notified Snitow, and that, as a result, the condition of the Property presented a threat to the health, safety, and welfare of neighboring properties, first responders, and the general public. *See* December 3, 2019 Order at 1, R.R. at 1. Accordingly, the December 3, 2019 Order instructed Snitow, within 30 days, to complete the process for seeking all required zoning and use permits to store automobiles on the Property, remove all offending vehicles stored on the Property, take reasonable steps to ensure that the Department has marked the violations as "complied," and allow the Department to inspect the Property for compliance. *See* December 3, 2019 Order at 2, R.R. at 2.

Further, the December 3, 2019 Order imposed an absolute fine in the amount of $488,000 to be paid within 30 days of the date of the Order. *See* December 3, 2019 Order at 1-2, R.R. at 1-2. This fine represented a cumulative fine

I will allow the City to put on its case. . . . The continuance is not granted. The [c]ourt did not receive notice two weeks prior. The [c]ourt did not receive anything in writing. The [c]ourt did get a call at 8:30 this morning indicating that [Snitow's counsel] may be at the airport and did not get any response from the [c]ourt. Given the City's objection, I am going to ask the City to proceed with the case today.

N.T. at 3-4, R.R. at 16-17. We note that, contrary to the trial court's assertion, counsel for Snitow had filed the Motion for Extraordinary Relief, albeit at 4:40 p.m. the previous day. *See* Motion for Extraordinary Relief, R.R. at 48-51.

of $2,000 per day for Class III Code violations[4] that occurred on each of the 244 days between the issuance of the Initial Violation Notice and the December 3, 2019 hearing. *See* December 3, 2019 Order at 2; R.R. at 2. The December 3, 2019 Order specified that, if Snitow failed to pay the fine within 30 days, a judgment in the amount of the fine would be entered in favor of the City of Philadelphia and against Snitow upon praecipe of the City. *See* December 3, 2019 Order at 2; R.R. at 2. Further, if Snitow did not comply with the trial court's directives to obtain necessary zoning and use permits, remove offending vehicles, and have the Department mark the matter "complied" within the allotted 30 days, the December 3, 2019 Order imposed additional cumulative fines of $2,000 per day to begin on January 4, 2020, which amounts the City would be able to aggregate and reduce to further judgments against Snitow upon monthly praecipes. *See* December 3, 2019 Order at 2-3, R.R. at 2-3. Should Snitow fail to comply with the ordered requirements, the December 3, 2019 Order further allowed the Department to enter the Property with the help of locksmiths, police authorities, and other contractors necessary to cease the operation of the Property for unpermitted vehicle storage, the associated costs and fees of which would also be Snitow's responsibility and which the City would be able to reduce to another lien against the Property and Snitow. *See* December 3, 2019 Order at 3, R.R. at 3. Finally, the trial court made the terms of the December 3, 2019 Order

---

[4] Section A-601 of the Code specifies the penalties for Code violations. The Code provides basic fines for Code violations ranging between $150 and $300 per offense. Phila., Pa., Code § A-601.1. Section 601.3 of the Code describes violations constituting Class III offenses, and mandates that such violations "shall be subject to the maximum fine set forth in subsection 1-109(3) of [t]he [] Code." Phila., Pa., Code § A-601.3. Section 1-109(3) provides for a maximum fine of $2,000 for each Class III offense committed on or after January 1, 2009. Phila., Pa., Code § 1-109(3)(e). Section A-601.4 of the Code further provides that "[e]ach day that a violation continues after issuance of a notice or order shall be deemed a separate offense." Phila., Pa., Code § A-601.4.

6

binding on Snitow and all lessees, heirs, assigns, successors in interest, and all persons acting on Snitow's behalf or occupying the Property. *See* December 3, 2019 Order at 3, R.R. at 3.[5]

Snitow filed its Motion for Reconsideration on December 13, 2019, which alleged that Snitow had retained counsel to defend the action on November 29, 2019,[6] and that counsel had telephoned the trial court and counsel for the City on Monday, December 2, 2019 seeking a continuance to the week of December 16, 2019. *See* Motion for Reconsideration filed December 13, 2019 (Motion for Reconsideration), R.R. at 57-84. On January 2, 2020, Snitow filed its Notice of Appeal to this Court. *See* Notice of Appeal filed January 2, 2020, R.R. at 85-90. The trial court thereafter ordered Snitow to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and Snitow complied on January 27, 2020.[7] *See* Trial Court Order dated January 6, 2020, R.R. at 92; Rule 1925(b) Statement of Errors Complained Of On Appeal filed January 27, 2020, R.R. at 93-96.[8]

---

[5] The trial court expressly stated that the December 3, 2019 Order represented a final, and thus appealable, order, while still purporting to allow the City to re-list the matter for further proceedings consistent with the December 3, 2019 Order. *See* December 3, 2019 Order at 4, R.R. at 4.

[6] This date differed from the date stated in the Motion for Extraordinary Relief, which alleged Snitow retained counsel on November 27, 2019. *See* Motion for Extraordinary Relief at 2, R.R. at 49.

[7] The trial court denied the Motion for Reconsideration by order dated January 7, 2020. *See* Trial Court Order dated January 7, 2020, R.R. at 91.

[8] We note that on September 23, 2020, the trial court entered judgment in favor of the City based on the Praecipe to Enter Judgment Upon Order of the Court (Praecipe to Enter Judgment) filed by the City in the trial court that sought judgment in the amount of $496,000, which amount was the accumulation of the original $488,000 fine imposed by the December 3, 2019 Order and $8,000 in additional fines representing the period from January 4, 2020, through January 7, 2020,

7

## II. Issues

Snitow raises two claims on appeal.[9] First, Snitow claims that the trial court erred and the December 3, 2019 Order should be vacated because the trial court erroneously conducted the December 3, 2019 hearing in the face of its continuance request and then proffered vague reasons that are countered by what Snitow describes as meritorious defenses. *See* Snitow's Br. at 7 & 12-14. Second, Snitow asks that this Court vacate the $488,000 fine imposed by the December 3, 2019 Order, which fine Snitow argues represents a manifest injustice under the facts of this case. *See* Snitow's Br. at 7 & 14-19.

## III. Discussion

Snitow first argues that the trial court erred by denying its continuance request. *See* Snitow's Br. at 12-14. Snitow argues that the trial court effectively entered a default judgment against it, that it is entitled to relief because it has a meritorious defense to the fines, and that its failure to appear can be excused. *See id.* For these reasons, Snitow claims the trial court erred in denying its continuance request. *See id.* We agree that the trial court erred in denying Snitow's continuance request, albeit for different reasons.

Initially, we note that "[t]he decision to grant or deny a continuance is exclusively within the discretion of the trial court, and this Court will not disturb the

---

when the City alleges Snitow ultimately complied with the requirements of the December 3, 2019 Order. *See* Praecipe to Enter Judgment, R.R. at 112-19; *see also* Philadelphia County Court of Common Pleas Civil Docket No. 190702609 at 8-9, R.R. at 12-13.

[9] Our review of this appeal is limited to examining whether the trial court abused its discretion or committed an error of law. *Lower Southampton Twp. v. Dixon*, 756 A.2d 147, 150 n.7 (Pa. Cmwlth. 2000). Further, "[w]hether a fine is excessive under our Constitution is a question of law, therefore our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1279 (Pa. 2014).

8

trial court's determination in the absence of an apparent abuse of discretion." *Gillespie v. Dep't of Transp., Bureau of Driver Licensing*, 886 A.2d 317, 319 (Pa. Cmwlth. 2005); *see also Baysmore v. Brownstein*, 771 A.2d 54, 58 (Pa. Super. 2001)[10] ("The trial court is vested with broad discretion in the determination of whether a request for a continuance should be granted, and an appellate court should not disturb such a decision unless an abuse of that discretion is apparent."). As this Court has explained:

> Judicial discretion, broadly defined, is the option which a judge may exercise either to do or not to do that which is proposed to him. As a guide to judicial action, it means a sound discretion exercised with due regard for what is right and equitable under the circumstances and under the law. Abuse of discretion is not merely an error of judgment; however, if, in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Gillespie*, 886 A.2d at 319 (quoting *Commonwealth v. Korn*, 467 A.2d 1203, 1205 (Pa. Cmwlth. 1983)) (emphasis omitted). The Court has further explained:

> Implicit in the concept of judicial discretion is the rendering of an informed decision between multiple courses of action—in this case, to grant or deny a continuance. In making such a decision the court must be guided by what is right and equitable under the circumstances and under the law. Blind adherence to an established policy such as the one at issue here removes these considerations from the process.

---

[10] Although not binding, Superior Court decisions are persuasive authority in this Court. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

9

*Id.* at 319-20.

Based on these concepts, this Court found in *Gillespie* that a trial court abused its discretion in denying a continuance request based solely on the application of an established policy requiring agreement between parties regarding continuations without considering the merits of a specific request or whether the non-requesting party would be prejudiced by a continuance. *See Gillespie*, 886 A.2d at 319-20. In so finding, this Court found that the trial court did not exercise any discretion at all in determining a continuance request and had "essentially delegated its decision-making function to the attorneys," which the Court saw as an "abdication of the judge's role to an interested party[,]" and a clear example of an abuse of discretion. *Id.* at 320.

We acknowledge that Pennsylvania Rule of Civil Procedure No. 216(A), which covers grounds for continuances, does not list "travel plans of newly retained counsel" as an acceptable ground to justify the continuance of a trial. *See* Pa.R.C.P. No. 216(A).[11] We further acknowledge that, where a litigant retains

_____

[11] Pennsylvania Rule of Civil Procedure No. 216(A) sets forth the following as acceptable grounds to justify a continuance:

> (1) Agreement of all parties or their attorneys, if approved by the Court;
>
> (2) Illness of counsel of record, a material witness, or a party. If requested a certificate of a physician shall be furnished, stating that such illness will probably be of sufficient duration to prevent the ill person from participating in the trial;
>
> (3) Inability to subpoena or to take testimony by deposition, commission, or letters rogatory, of any material witness, shown by affidavit which shall state:

(a) The facts to which the witness would testify if present or if deposed;

(b) The grounds for believing that the absent witness would so testify;

(c) The efforts made to procure the attendance or deposition of such absent witness; and

(d) The reasons for believing that the witness will attend the trial at a subsequent date, or that the deposition of the witness can and will be obtained;

(4) Such special ground as may be allowed in the discretion of the court;

(5) The scheduling of counsel to appear at any proceeding under the Pennsylvania Rules of Disciplinary Enforcement, whether:

(a) as counsel for a respondent-attorney before a hearing committee, special master, the Disciplinary Board or the Supreme Court;

(b) as a special master or member of a hearing committee; or

(c) as a member of the Disciplinary Board;

(6) The scheduling of counsel to appear at any proceeding involving the discipline of a justice, judge or magisterial district judge under Section 18 of Article V of the Constitution of Pennsylvania, whether:

(a) as counsel for a justice, judge, or magisterial district judge before the special tribunal provided for in 42 Pa.C.S. § 727, the Court of Judicial Discipline, the Judicial Conduct Board or any hearing committee or other arm of the Judicial Conduct Board; or

(b) as a member of the Court of Judicial Discipline, the Judicial Conduct Board or any hearing committee or other arm of the Judicial Conduct Board.

Pa.R.C.P. No. 216(A).

11

counsel knowing of counsel's previous commitment which may prevent counsel from defending the case on the appointed day, the litigant risks that the trial court may not grant a requested continuance. *See Lighting Unlimited, Inc., Lighting Pittsburgh Div. v. Unger Constr. Co.*, 269 A.2d 368, 369 (Pa. Super. 1970) (trial court did not abuse its discretion in requiring litigant to proceed to trial where litigant hired an attorney knowing counsel had to appear in federal court on the date of the litigant's trial and the trial court declined to grant requested continuance).

Here, Snitow retained counsel whose travel plans conflicted with the scheduled hearing. However, the hearing transcript reveals that, on the morning of the scheduled hearing in this matter, the trial court was unaware that Snitow had filed a continuance request the previous day. *See* N.T. at 4, R.R. at 17. The trial court expressly stated that "[t]he [c]ourt did not receive anything in writing[,]" despite the fact that Snitow's newly retained counsel had filed the Motion for Extraordinary Relief at the end of the day prior to the hearing. *Id.* Snitow's counsel, of course, was not in attendance to correct the trial court on this point. Further, although Snitow's counsel had attempted to telephone the City's assigned attorney the previous day, the City's assigned attorney, by coincidence, had been delayed by weather in returning to Philadelphia, did not receive the message, was not able to attend the hearing as a result of weather/travel delays, and sent other counsel in his place. *See* Motion for Reconsideration at 2 (pagination supplied), R.R. at 58.

Thus, at the time it denied Snitow's continuance request, the trial court knew of neither the filed Motion for Extraordinary Relief nor Snitow's counsel's attempts to contact both the City and the court the previous day.[12] *See* N.T. at 4,

---

[12] While we do not suggest any nefarious intent on the part of counsel, we note that the attorney who filled in for the City's indisposed assigned attorney did not mention to the trial court the Motion for Extraordinary Relief or attempts by Snitow's counsel to request a continuance prior

12

R.R. at 17. Therefore, the trial court could not have considered either in exercising its judgment to determine what was right and equitable under the circumstances. Because it was ignorant of both, the trial court did not exercise its judgment at all with regard to the effect of either the Motion for Extraordinary Relief[13] or Snitow's counsel's attempts to contact the trial court and the City's counsel in determining whether to grant or deny Snitow's continuance request. This failure was error on the part of the trial court that greatly prejudiced Snitow when the trial court proceeded with the hearing in his absence. *See Gillespie*.[14]

---

to the hearing beyond stating that neither Snitow nor Snitow's counsel had contacted him personally. *See* N.T. at 3-4, R.R. at 16-17. Further, during the argument before this Court, counsel for the City conceded that neither of the City's attorneys conveyed the City's objection to the continuance request to either Snitow or Snitow's counsel.

[13] We note that, because it did not know of the existence of the Motion for Extraordinary Relief when it denied Snitow's continuance request, *see* N.T. at 3-4, R.R. at 16-17, the trial court did not actually technically deny the Motion for Extraordinary Relief, but instead denied the oral request made by Snitow's counsel over the phone that morning.

[14] To the extent the trial court's Pa. R.A.P. 1925(a) opinion suggests the trial court may have been inclined to deny the continuance request in any event based on the fact that the request was not made at least one week prior to the scheduled hearing, we note that the record does not conclusively indicate that Snitow's counsel's travel plans were known to Snitow at least a week before the hearing date. *See* Trial Court Opinion at 5-6, R.R. at 101-02; Motion for Reconsideration at 2, R.R. at 58. Further, even had the record established this fact, to avoid blind adherence to policy at the possible expense of what was right and equitable under the circumstances and under the law, the trial court would still have needed to consider Snitow's outstanding filing and telephonic requests to the City's counsel and the court in determining the continuation request. *See Gillespie*, 886 A.2d at 319-20.

13

## IV. Conclusion

For the above reasons, we vacate the December 3, 2019 Order entered after the hearing was conducted in Snitow's absence and remand the matter to the trial court to hold a hearing on the subject violations.[15]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[15] Because we vacate the December 3, 2019 Order in its entirety based on the trial court's abuse of discretion in denying Snitow's requested continuance and remand the matter for further proceedings, we need not determine Snitow's excessive fines claim.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| Snitow & Snitow Profit PA, | : | No. 51 C.D. 2020 |
| Appellant | : | |

## O R D E R

AND NOW, this 8th day of July, 2021, the December 3, 2019 Order of the Philadelphia County Court of Common Pleas is VACATED.

The matter is REMANDED to the trial court for further proceedings consistent with this opinion.

Jurisdiction is relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge